### James Houghton v. Peter B. Strong.

ON *certiorari* from a justice's court. The decla-
ration, as appeared from the return, stated, that the
defendant " privily, wilfully and maliciously, by cer-
" tain conduct, damaged the plaintiff to the amount
" of twenty-five dollars." General errors were as-
signed ; and it was principally relied on, that no cause
of action was stated in the court, so as to show the
justice had cognizance of the suit.

*Per Curiam.* The declaration is bad. It ought
to have stated, not only the injury, but how it arose.
If this be necessary in this court, it is more so before
inferior tribunals, whose proceedings may be reviewed
here. Unless the cause of action be stated with cer-
tainty, it is impossible for us to know whether the
justice had jurisdiction or not. This very suit may,
for aught that appears, have been in slander, or for
an assault and battery, or for some other matter not
cognizable before a justice. Nor does it appear by
any part of the record (none of the testimony being
returned) what kind of action was proved by the wit-
nesses. The judgment must, therefore, be reversed
with costs.

### Mylo Knap v. John Palmer.

ERROR on *certiorari*. The affidavit on which
the *certiorari* was granted, set forth the action to be
*debt ;* the *certiorari* itself stated it to be *trespass on the
case.* The defendant had served the plaintiff with a
rule to assign errors, before the expiration of which,

an application was made to his honour, Mr. Justice *Kent*, at his *chambers*, for an enlargement of the time; this his honour was pleased to order on an affidavit of the plaintiff's attorney, specifying the original cause of action, and that the describing the cause as trespass on the case, was a mistake. To this affidavit the plaintiff had annexed a copy of a notice to move the court to allow the amendment of the *certiorari*, and had duly served the plaintiff's attorney.— *Woods* now moved for leave to amend the *certiorari*, by striking out the words " trespass on the case," and, in their stead, inserting the word " debt."

Ordered accordingly.

## *Livingston* v. *Rogers*.

THE court ruled, that causes which had been noticed for argument, and duly entered by the clerk, if not brought on, are to be re-noticed to the clerk for him to re-enter, as they will not be, *of course*, carried over to the calendar of the next term.

## *Den* v. *Fen*.

IF, in a feigned issue from the court of chancery, an inquest be improperly taken, relief must be sought in this court. If an inquest be taken at a circuit court by default, and notice of trial has not been given, it will be set aside, with costs, to be paid by the plaintiff's attorney.