NEW YORK,
May, 1823.

JACKSON
v.
CRANE.

tiff may, in such case, declare against him, by the name in which he *appears*, stating that he was arrested or served with process by the other : for, by *appearing*, the defendant admits himelf to be the person sued, and so the variance is immaterial. (*Tidd*, 402.  *Hole* v. *Finch*, 2 *Wils*. 393.)

And the motion was granted.

---

### JACKSON *against* CRANE.

*Writ of certiorari amended, where, by mistake, a term intervened between the test and return—tho' this may not be done in mesne process, for arrest, in personal actions.*

E. BARNES, moved to amend a writ of *certiorari*, to the Marine Court of the city of *New-York*, tested the 1*st* day of *January* term, 1823, and made, by mistake of the attorney, returnable on a day in *January* term *next*, instead of *instant ;* so that several terms intervened between the test and return.

*Selden*, contra, said the writ was *void* and could not be *amended ;* more than a term intervening between the test and return.   It was within the cases of *Bunn* v. *Thomas & King*, (2 *John. Rep*. 190,) and *Burk* v. *Barnard*, (4 *id*. 309.)

*Barnes*, said the *reason* of those cases did not apply. They were of *mesne process*, for arrest in personal actions, and were holden *void*, for the danger of long imprisonment, by delaying to return process, in which the defendant might have a good defence.    That this is the true distinction, he referred to *Shirly* v. *Wright*, (2 *Ld. Raym*. 775,) and *Parson's* v. *Loyd*, (3 *Wils*. 341.)

And of this opinion was *the Court*, and granted the motion to amend.(*a*)

(*a*) Vid. *Knapp* v. *Palmer*, (1 *Caines*, 486.)   *Cramer* v. *Van Alstine*, (9 *John. Rep*. 386.)