## Ex parte Schroeder.

J. T. Irving, first judge of the C. P. in the city and county of *New-York*, on the application of *Hans Harms*, granted an attachment against *Schroeder*, as an absent debtor, within the statute, (1 *R. L.* 157.) *Harms*, the creditor, at the time of suing out the attachment, was a citizen of *Hamburg*; not a resident of the state of *New-York*, nor domiciled here, nor in the *United States*; but was transiently in *New-York*. *Schroeder*, the debtor, was then, and continues to be, a permanent resident of

*[margin note:]* ALBANY, Feb. 1827.

Ex parte Schroeder.

A foreign creditor cannot proceed here under the absent and absconding debtor act, (1 R. L. 157,) against a debtor residing abroad; the debt not being contracted within this state.

*Charleston, South Carolina ;* never resided in the state of *New-York ;* and was esteemed solvent, and in good credit as a merchant. The property attached was merchandize, which arrived at the city of *New-York* in a vessel bound for *Charleston,* which put into *New-York* by reason of stress of weather.

The attachment was granted early in *February,* 1827. But on the above facts being shown by affidavit, judge IRVING ordered cause to be shewn before him on the 19th, why the attachment should not be superseded. Cause being shown accordingly, he, on the next day, delivered his opinion as follows :

IRVING, Judge. The 1st section of the statute for relief against absconding and absent debtors, (1 R. L. 157,) declares that any person, being *indebted within this state,* who shall secretly depart, or be concealed, &c. may be proceeded against under the act. The 8th section provides for the appointment of trustees ; and the sections which follow to the 17th, prescribe their conduct and duties. The 17th section states how they shall make distribution ; and the 18th, who shall be considered creditors, and entitled to share in the debtor's property. The 19th also relates to the creditors ; the necessity of their notifying the trustees of their demands, and the consequences of their neglect.

Then comes the 20th section, which appears to be in continuation of the 18th and 19th. It is, " that any creditor out of this state, shall be deemed a creditor within this act ; and his attorney, on producing a letter of attorney duly authenticated, &c. may proceed, and act in the same manner under this act, as if the creditor himself was present."

Does this relate to his being entitled to claim a share in the distribution, after trustees are appointed ? And is it restricted to this ? or is a foreign creditor authorized to proceed against the property of a foreign debtor ? If so, will not the provision conflict with the 1st section of the act, which states that the debtor shall be indebted *within*

*this state?* And with the 23d, which provides that the property of every foreign debtor who resides out of this state, and *is indebted within it,* shall be liable to be attached, sold, &c. in like manner as the estates of debtors within this state?

The 1st section provides for the attaching of the property of a debtor who resides in this state ; is *indebted within it,* and absconds. The 23d section provides for the attaching of the property of a debtor who resides without this state ; but *is indebted within it.* Both would appear to contemplate that debts only of this description could be the foundation of an attachment under this act.

The decision in 6 *John. Ch. Rep.* 185, was in the case of a debtor who resided in this state, and absconding from it; his creditor residing abroad. The case in 5 *Cowen,* 293, was that of a debtor who fled from *England,* concealed himself here to avoid arrest, and was pursued by his creditor.

The reasons given by the supreme court in the case of *Fitzgerald,* for not allowing a foreign creditor to attach here the property of his foreign debtor, is very strong ; and I do not think I would be justified in going farther than the supreme court has authorized in 5 *Cowen,* which is the case of a foreign debtor, who fled from his creditor, came within our jurisdiction, and concealed himself here, to avoid being made to account.

Under such circumstances, as the supreme court is in session, I shall leave the parties to make application for a supersedeas or relief to them ; and, in the mean time, order all proceedings to be stayed.

A motion for a supersedeas was accordingly made to this court.

*S. Stevens,* for the motion.

*J. Anthon,* contra.

*Curia.* We think judge *Irving* was right in holding that *Schroeder* was not indebted *within this state.* Unless this be so, the case is not embraced by the provisions

ALBANY,
Feb. 1827.

Utica Ins. Co.
v.
Scott.

of the statute in question. We cannot presume that the debt upon which *Harms* proceeded, was contracted in this state. For aught that appears, the debtor was never within our jurisdiction. Could even a resident creditor proceed by attachment here upon a contract made abroad?

*Fitzgerald's* case, (2 *Caines*, 318,) is exactly in point; and has not been overruled or questioned, except so far as it denies the right of a foreign creditor to proceed under the act in any case. *Robinson* v. *Cooper*, (6 *John. Ch. Rep.* 186,) was the case of a foreign creditor proceeding against a debtor resident in this state ; and in *Caldwell's* case, (5 *Cowen*, 293,) the foreign debtor had fled to this state, and was concealed here ; and, according to our recollection, there was satisfactory evidence of his being domiciled here. (*a*)

Supersedeas granted.

(*a*) The court, I am sure, considered the debtor domiciled in this state, under the circumstances of that case. I reported the case, merely in reference to the right of a foreign creditor, independent of the question where his debtor is domiciled.