BAILEY vs GIBBS.

1. Payment of the amount due upon an execution, and returning the same satisfied by an officer without the request of the defendant, does not cieate an implied promise to pay the debt by the defendant, on which assumpsit may be maintained by the officer.

Bailey vs. Gibbs.

ERROR to Callaway Circuit Court.

Todd, for Plaintiff in error.

POINTS AND AUTHORITIES.

The plaintiff insists to reverse the cause :

1. That assumpsit will lie upon principles of equity when a benefit is conferred to defendant, or injury to plaintiff by defendant's acts.

2. That an officer holding execution upon a failure of defendants to pay it, upon promise, becoming responsible and paying it, can in assumpsit recover the money; and is upon a good legal consideration.

3. That an attorney directing satisfaction of execution without receiving the money, is no release of plaintiff's right, or discharge to the defendants.

4. That the officer returning satisfaction by order of plaintiff, and satisfying the plaintiff, as upon a false return, produces a discharge to the defendants, and such a benefit makes a legal consideration.

5. That a return by order of plaintiff is not contradicted by evidence that an agent of plaintiff or his attorney of record made the order, for the maxim applies : *"quod fecit per aliud, fecit per se."* 1 Bibb, 564; 8 John, R., 361; 10 Ib. 220; 5 Peter's Sup. Ct. R., 113; 5 Randolph, 639; 6 Litt., 271; 5 Mon. 126; 1 J. J. M. 12.

Gordon and Hardin, for Defendant in error.

POINTS AND AUTHORITIES.

1. That the circuit court committed no error in rejecting the testimony of Nolley and Henderson, because it goes to contradict and impeach the record of the return made by plaintiff, as coroner of the county. See 1 J. J. Marshall, 12; 2 Ib. 26; 3 Monroe Rep., 351; Townsend vs Olin, 5 Wend. 207; 4 Monroe R., 399; 3 Litt. R., 44; 6 Mass. R., 325; 15 Mass. R., 82.

2. That the court below committed no error in granting defendant the instruction asked for.

3. The plaintiff could not make the defendant his debtor by voluntarily paying the debt of the defendant, without a previous request by the defendant, or subsequent promise to pay the same to the plaintiff. See Chitty on contracts, 591; 10 John. R., 361; 3 John. R., 434.

Tompkins, J., delivered the opinion of the court.

William H. Bailey brought an action of assumpsit in the circuit court of Callaway county, against Churchill J. Gibbs, and the judgment of the court being given against him, he appealed to this court.

On the trial of the cause he gave in evidence a record of which it appears that one Jefferson Garth, had obtained a judgment on motion in the circuit court of that county, against the sheriff of that county and his securities, on which judgment and execution was issued, and delivered to the plaintiff, as coroner of said county, commanding him to collect the amount from James Campbell, sheriff, and Churchill J. Gibbs, the defendant and others, his securities, in his official bond. Several credits were endorsed on the execution, and it was finally endorsed thus : "I return this execution, satisfied in full, by order of the plaintiff, this 6th day of August, 1842," and signed by the plaintiff as coroner. No money was in reality paid, but it was endorsed by the direction of the plaintiff's attorney on the promise of another to pay. The attorney about that time, left the country. After the return of the execution, Garth the plaintiff in the execution demanded the money, due on that execution, and Bailey the plaintiff in this cause, to escape a law suit, paid what by his return appeared to be due. This was all the evidence given. Bailey then offered to prove by one Daniel Nolley, that whilst the said execution was in the hands of him, said plantiff, as coroner, for collection, two of the debtors, Gibbs and Johnson, to whom he (Nolly) was indebted, and for which they held separate notes on him, then due, applied to him for money to assist them in paying their shares of said execution ;—that he, Nolley, promised them to *make up* the same except $35, which one Henderson promised to raise and pay for said Johnson ; —that said Nolley called on James H. Tuel, an attorney at law of said court, and attorney of record of said Garth in the collection of this debt, a few days before the return day, and the witness (Nolley) promised to pay the said Tuel, during the term of the court to which the execution was returnable, a sum over one hundred dollars for the said Gibbs and Johnson, and the said Tuel thereupon wrote a return upon the execution, for the plaintiff Bailey, as coroner, to sign, which was done in the witnesses' presence, which return was that the execution was satisfied by order of the plaintiff ;—that the said Tuel gave no receipt to the witness upon said return being made, nor were any credits given for any payment of the notes of the witness, held by Gibbs and Johnson, and the witness never paid Tuel the money, or the plaintiff Garth.

The plaintiff then offered to prove by the above mentioned Henderson, that he had promised to pay Tuel in like manner, thirty-five dollars for Johnson, but he had not done it.

This evidence so offered was rejected, on motion of the defendant, on the ground that it contradicted the record. The plaintiff excepted to this opinion of the court. The defendant then moved the court to instruct the jury, that the plaintiff could not recover on the testimony he had given. The instruction was given and excepted to by the plaintiff. He then took a non-suit with leave to set it aside, and afterwards during the term, he moved to set it aside, and for a new trial, because :

1st. The court on the trial rejected competent evidence.

2d. Because it misinstructed the jury.

The circuit court overruled this motion, and the plaintiff excepted to its decision.

Had the plaintiff been requested by Gibbs to pay on this execution, the amount of Gibbs' indebtedness, I am not able to see that it would be any contradiction of the record for him to prove that fact, nor indeed that what he here now proves, is any contradiction of any part of the record, except that part which states, that the return was made by the order of the plaintiff in the execution, and as he paid the money to the plaintiff he has injured nobody, and indeed the plaintiff in the execution alone had the right to deny the truth of that return. But he proves that he paid this money without the request of Gibbs, and moreover he proves no promise by Gibbs to repay the money. A promise to pay made after the payment, would have been a good consideration to support an action in such a case as this. Nolley, according to the evidence, promised Tuel, Garth's attorney, to pay during the term of the court, and Tuel wrote the return for Bailey to sign, as coroner. It does not appear that Gibbs was even present. If anybody is liable to Bailey, the coroner, on the implied promise, it must be either Nolly or Tuel. It is not seen that the circuit court committed any error, either in rejecting the evidence, or instructing the jury. Its judgment is affirmed.