HENRIETTA WATKINS, Adm'x of Estate of JAMES R. ALLEN, deceased, Defendant in Error, *v.* THE TRUSTEES OF THE RICHMOND COLLEGE, Plaintiffs in Error.

*Contract—Action—Voluntary Assumpsit.*—No action can be maintained for moneys expended or for services rendered to the defendant, except in pursuance of a contract express or implied between the parties. No person can make another his debtor without the consent of the party benefitted; there must be a previous request express or implied, or an assent or sanction given after the money is paid or the act done.

### Error to Fifth District Court.

The cause was submitted to the court without a jury. The plaintiff moved the court to declare the law as follows:

1. If, from the evidence given to the court in this case sitting as a jury, the court should find that James R. Allen, the plaintiff's intestate, did have the college building completed for defendants, and did pay and lay out the amount of money in plaintiff's petition mentioned for that purpose, and that, during the carrying on of the work necessary to the completion of said building, the said defendants were fully apprised thereof, and knowingly permitted the said James R. Allen to go on and complete said college building without interfering to prevent him from so doing, and after the completion thereof the defendants used said building for educational

purposes, although said Allen may have commenced the work without the order of the defendants and without any express contract in relation to the work, yet the law raises an implied promise on the part of the defendants to pay the value of such services.

2. If the court find from the evidence the facts to be as hypothecated in the first instruction above as a legal inference drawn from the circumstances of the case, a promise to pay may be implied, as also may a request to do such work be implied.

3. In this case, the plaintiff avers in his petition that he did have the college building completed for defendants ; defendants' answer does not deny this specific and positive facts ; it is therefore admitted. By the pleadings it is also admitted that it was the duty of the defendants to have the college building completed : this is averred by plaintiff and not denied by defendants. The performance and fulfilment by the plaintiff's intestate of a duty incumbent on the defendants to be performed, and which performance was accepted afterwards by defendants. Then if, from the evidence and admissions by the pleadings in this case, the court should find that the performance of the aforesaid duty was beneficial to defendants and expensive to plaintiff's intestate, the law raises an implied request by defendants, and an implied promise to pay for services attending such performance if the defendants had knowledge of the fact of plaintiff's intestate being engaged in performing such duty so incumbent on defendants, and the court will find for the plaintiff.

4. From the admissions of the parties by the pleadings in this case, especially when such admissions are corroborated by the testimony in the case, the plaintiff is entitled to recover.

The court refused to give said instructions, and the plaintiff excepted.

The defendants asked the following declarations of law, which the court also refused to give :

1. That unless the defendants requested James R. Allen, the original plaintiff, to do the work on the college building specified in the amended petition, or promised to pay him for said work, the finding must be for the defendants.

2. If the work specified in the amended petition was done by James R. Allen, the original plaintiff, voluntarily, without any request from defendants to do the work and without any promise by the defendants to pay him for the work, the finding must be for the defendants.

3. The original plaintiff could not make himself the creditor of the defendants by doing work on the college building without any contract express or implied with the defendants.

The court, of its own motion, gave the following instructions :—

1. If it appear to the court sitting as a jury, from the evidence, that there was a contract subsisting between the deceased, James R. Allen, and defendants; and if it further appear from the evidence that, in pursuance of said contract, said deceased put valuable improvements upon the Richmond College building, the finding should be for the plaintiff in the value of such improvements. A contract may be either express or implied; and if it appear to the court sitting as a jury, from the evidence, that deceased put valuable improvements upon the college building, and that defendants knew that said improvements were being made, an implied contract on the part of the defendants to pay for the improvements is raised by the proof of such knowledge, and the finding should be for the plaintiff if there is no affirmative proof that the deceased undertook and performed the improvements as a gift or upon other considerations than those arising upon contract.

2. If it appear to the court sitting as a jury, from the evidence, that deceased made valuable improvements upon the Richmond College building, and that there was no contract express or implied between deceased and the defendants touching said improvements, then such improvements should

be treated as a gift from deceased to the college. If it appear that defendants *bona fide* refused to contract with deceased respecting said improvements, but that nevertheless deceased made the improvements upon other considerations than those arising upon the contract, then, as concerning these defendants, the improvements should be treated as a gift, and the finding should be for the defendants.

3. If it appear to the court sitting as a jury, from the evidence, that defendants refused to contract with deceased respecting improvements on the college building, and it further appears from the evidence that nevertheless the deceased, James R. Allen, put valuable improvements upon said college building with the expectation that he would be reimbursed by public contribution after that he (deceased) had completed the improvements, and had thereby placed defendants in condition to enforce a contract for the endowment of the college, then such improvements must be treated as a gift, so far as the defendants are concerned, and the finding must be for defendants.

4. By the pleadings in this case, this is an action upon contract to hold defendants upon a promise express or implied to pay for certain valuable improvements stated to have been made upon the Richmond College building, and this is not an action of any other form.

To the giving of said instructions the plaintiff excepted.

*Hall & Oliver*, for plaintiff in error.

I. The court committed no error in refusing instructions asked by plaintiff. They ignore the defence set up by the answer and sustained by the evidence—Sawyer v. Han. & St. Jo. R.R. Co., 37 Mo. 240.

II. The instructions given by the court were at least as favorable to plaintiff as the law is—Coleman v. Roberts, 1 Mo. 68 ; Morris v. Barnes, 35 Mo. 412.

The plaintiff had no right to make defendants his debtors against their will. His completion of the college building was voluntary and without any contracts on the part of de-

fendants, express or implied—Whiting v. Sullivan, 7. Mass. 108 ; Jewett v. Stewart, 1 Me. 117 ; Lynch v. Bogy, 19 Mo. 171 ; 2 Greenl. Ev. § 107 ; Allen v. Mulledy, 21 Ills. 76.

*H. M. & A. H. Vories,* for defendants in error.

A gift is never implied or made out by a doubtful inference, but it must be proven to have been fully executed, and each of the parties must have so understood it and have assented thereto—2 Kent. 588 ; 1 Pars. Cont. 234.

The evidence in this case shows no such mutual understanding or assent of the parties. There must have been a complete executed gift at the time. A mere promise to give, or that one expects to give or donate a thing, is no gift ; but, on the contrary, rebuts the fact that a gift has been made —Huntington v. Gillmore, 14 Barb. 243 ; Hunter v. Hunter, 19 Barb. 637 ; 7 Coms. 261.

Fagg, Judge, delivered the opinion of the court.

It is shown by the record that this suit was instituted in the Ray Circuit Court, to recover a sum of money alleged to have been advanced by James R. Allen in his lifetime, for the completion of the college edifice at the city of Richmond. A trial was had before the court sitting as a jury, which resulted in a verdict and judgment for the defendants. The judgment was reversed upon an appeal taken to the 5th District Court, and the case is now brought here upon a writ of error.

A careful examination of the record, we think, limits this court to the consideration of only one question. All of the declarations of law asked by both plaintiff and defendants were refused by the court ; and upon its own motion the law of the case was declared in a series of instructions drawn by the judge himself. These declarations of law constitute the chief grounds of complaint against the action of the Circuit Court ; and it is necessary that the evidence in the cause should be carefully examined for the purpose of determining their correctness. It is not claimed that this was anything

more than an action upon an implied promise by the trustees of the college to repay to Allen the actual amount of money alleged to have been paid by him to their use. There was no averment of an express contract in the petition. The answer denied the existence of any contract between the parties, and averred that the services of Allen were voluntarily rendered, and the money expended by him intended as a donation to the college. The issue presented by the pleadings was so simple in its character, and the facts disclosed in the testimony within such a narrow compass, as to make the application of the law a matter of no difficulty.

It may be said generally of the instructions that they contain much matter of an objectionable character. The first being hypothecated upon a state of facts not warranted by the evidence in the cause (if taken by itself), would be clearly improper; when, however, it is considered in connection with the others, we cannot say there is such an error as will require this court to interfere with the verdict.

The second and third instructions present in terms sufficiently explicit the true issue in the case; and the three taken together could not possibly prejudice the plaintiff. The matter to be determined was really whether the acts of Allen were to be taken as a voluntary contribution of his services to the college, or whether there was sufficient in the transaction, as a whole, to raise an implied promise on the part of the corporation to repay him the money which he had expended for their use.

This is a question of fact determined by the court. We are not at liberty to weigh the evidence for the purpose of deciding whether its finding was correct or not. It is only necessary to ascertain whether there was sufficient evidence to sustain the verdict; and if that sufficiently appears, it is not the province of this court to disturb it.

The principal, and, indeed it might almost be said, the only witness, discloses a state of facts that might have authorized a jury to find either way. So much was left to mere inference that different persons might very well come

to opposite conclusions as to what was really the intention of the parties ; and this court ought not to interfere in such a case. If any hardship has resulted to the estate of Allen, there is no power in this court, from the case presented here, to relieve against it.

The other judges concurring, the judgment of the District Court will be reversed.


WAGNER, Judge. The question is whether the work and labor was performed and the materials furnished under such circumstancs as would amount to an implied contract, in law, by which the plaintiff could maintain his action ; or whether it was understood at the time the work was done, between the parties, that it was a mere gratuity.

No person can by officious intermeddling cast a liability on another, and an obligation will not generally be imposed unless there has been a previous request moving from the obligor and enuring to the obligee. But where a party derives a benefit from the consideration, or the act done is beneficial, his subsequent express promise will be binding ; and even his subsequent assent will be sufficient evidence from which the jury will be authorized in finding a previous request, and he will accordingly be bound—Osborne v. Rogers, 1 (Wms.) Saund. 264, note 1. It is not necessary in all cases for the plaintiff to prove an express assent of the defendant to enable the jury to find a previous request; they may infer it from his knowledge of the plaintiff's acts, or his silent acquiescence—Doty v. Wilson, 14 Johns. 378, 382 ; Metcalf's Yelv. 41, note 1. And sometimes the jury will be warranted in inferring a previous request, even contrary to the actual fact, on the ground of legal obligation alone ; as in a case where an action was brought against the husband for the funeral expenses of his wife, he having been beyond the seas at the time of her burial ; or against executors for the funeral expenses of the testator, for which they had neglected to give orders—Jenkins v. Tucker, 1 H. Bl. 90 ; Tugwell v. Heyman, 3 Campb. 298 ; 10 Pick. 156.

But the law will not ordinarily imply a promise against the express declarations of the party—Whiting v. Sullivan, 7 Mass. 107. Nor can a plaintiff recover compensation for merely voluntary services bestowed under no employment from the defendant, unless there has been an express or implied promise to pay therefor—Lynch v. Bogy, 19 Mo. 170. So too, as a general proposition, no man can make himself the creditor of another by any act of his own unsolicited and purely officious. There must be a previous authorization either express or implied, or an assent or sanction given after the money is paid or the act done. If a plaintiff volunteers a payment on account of a defendant without any authority or request express or implied, the defendant is not obliged to reimburse him—Renns. Glass Factory v. Reid, 5 Cow. 603; Bailey v. Gibbs, 9 Mo. 44; Jones v. Wilson, 3 Johns. 434; Beach v. Vandenburg, 10 Johns. 361; Stokes v. Lewis, 1 T. R. 20; Child v. Morley, 8 T. R. 613; Winsor v. Savage, 9 Metc. 347; Young v. Dibbrell, 7 Humph. 290; Lewis v. Lewis, 3 Strobh. 530. And where a party voluntarily does an act, or renders service, and there was no intention at the time that he should charge therefor, or understanding that the other should pay, he will not be permitted to recover, for that which was originally intended as a gratuity cannot be subsequently turned into a charge—Fitch v. Peckham, 7 Vt. 150; Gore v. Summersall, 5 Mon. 513. And whether it was intended as a gratuity, is a question of fact.

The committee appointed for finishing the college expressly refused to accede to Allen's proposition for doing the necessary work to complete the building, nor is there anything to show that there was ever any act or assent by which a contract could be implied. Allen was strangely reticent in regard to the whole matter; and that it was the understanding of those under whose auspices the college was erected, that he was doing the work as a donation, there can be little doubt. The Circuit Court found as a fact that he expended his work and labor as a voluntary gift to help along a public institution struggling into existence amid pecuniary embar-

rassments. The evidence sustains the finding; and even were it weaker on this point, we could not interfere when there had been no misdirection as to the law.

I am of the opinion that the judgment of the District Court should be reversed, and the judgment of the Circuit Court affirmed.