## LEONARD BISBEE vs. FRANK LANE.

writ of replevin was issued out of the Circuit Court, on the 6th day of April, 1870, and made returnable on the 3d day of May, 1870—being the first Tuesday in May  The regular term of the said Circuit Court was to commence on the 3d Tuesday in April. At said April term (said writ having then been personally served and returned ) the defendant by his attorney moved the Court to quash the writ and set aside the proceedings, because the writ was not made returnable at the April term of said Court. The Court having previously announced that an adjournment of the term would be made to the 13th of May, held that it would take cognizance of the fact that the term would not be ended by the 3d day of May, and that the return day would be in the April term, and refused to grant the motion.

Whether in case term had ended before 3d of May, the return day of said writ would then have been bad?—*Quere.*

*Branch Circuit, April,* 1870.

Motion to quash a writ of replevin, and to set aside the proceedings thereunder.

The writ in this case was issued April 6th, and made returnable May 3d, 1870—being the first Tuesday in May.  The regular term of the Branch Circuit Court commenced on the third Tuesday in April, being April 19th, thus intervening between the issuing and return day of the writ.

The writ had been personally served, and the property in question replevied, and writ returned before the first day of the term.

On the first day of the term, defendant made his motion to quash the writ, claiming that it should have been made returnable in the April term.  Prior to the making of the motion, the Court. in order to hear some cases that were not in a situation to be tried sooner, had announced that an adjourned term of the Court would be held, in continuance of the present term, on the 13th day of May, after the other cases should be disposed of.

*Parsons & Pratt,* Plaintiff's Attorney.

*L. T. N. Wilson,* Defendant's Attorney.

*By the Court,* UPSON, J.—By Circuit Court Rule 13, the writ in this case might have been issued in vacation or term time, as well as all original writs (except *capias*), and made returnable "on the first Tuesday of any month, and also on any day in term."

BISBEE V. LANE.

This writ is made returnable on the first Tuesday of May, and having been issued on the 6th of April previous, being after the first Tuesday in April, ordinarily the day of its return would be the regular return day for such a writ under the rule.

But the regular term of this Court having commenced on the third Tuesday in April, it is insisted that the writ should have been made returnable in said April term, as giving a return day subsequent to the issuing of said writ, and prior to the said first Tuesday in May; and that the writ should be made returnable on the first return day after its issue.

If this position were correct, (and perhaps as a general rule it may be,) still it is not applicable to the facts in this case, as the present term of the Court will not have ended by the 3d of May, the Court being aware and having already announced, that when the causes now ready for hearing shall have been tried, an adjournment of the Court will then be had to the 13th of May to dispose of the unfinished business of the term, and we concur in the opinion that "The term continues to final adjournment for return of process."—1 *Mich. Nisi Prius*, 92.

I am not aware that there is any definite rule for determining beforehand the length of any term of the Circuit Court in this State, so as to know what days a writ can be made returnable in term, other than on the first day. At common law the beginning and ending of each of the four terms in the year were well known and easily determined, as were also the general or common return days in each of those terms, on which original writs had to be made returnable.—1 *Tidd's Prac.* 106.

So in the State of New York the length of the terms of the Courts of Common Pleas, and of the Supreme Court, was regulated by statute, and particularly in regard to the issuing, teste and return of process.—2 *N. Y. R. S.*, 197, §§ 4 & 5; 210, §11 ; 211, § 19.

By the Constitution of this State, *Art VI, Sec.* 11, a Circuit Court is required to be held at least twice a year, in every county organized for judicial purposes, and four times a year in counties containing ten thousand inhabitants. By § 993, C. L., each of the circuit judges is required, on or before the first day of November in every second year, to fix and appoint the times

of holding the several terms within his circuit, for the period of two years. So far, then, as the length of the terms is concerned, it seems as stated by Judge Green, that " The terms, for all purposes, continue until the final adjournment and no longer."— *Green's Prac.*, 15, §46.

The writ in this case is made returnable both on the first Tuesday of the next succeeding month, and also on a day in term; and the motion must therefore be denied.

But even if the first Tuesday in May had not been a day in term, I am not prepared to say that the writ would have been irregular in this respect; but even if irregular, it would have been amendable and not void.—6 *Cow.*, 603—1 *Cow.*, 38; 2 *Wend.*, 302.

At common law, there must have been in general at least fifteen days between the teste and return of the original writ, that length of time being required · between the service and return.— 1 *Tidd's Prac.*, 107.

By our statute, § 5010, C. L., writs of replevin are made returnable on " some day on which writs in personal actions may be made returnable."

By Circuit Court Rule 13, " No original writ shall be made returnable beyond three month from its date, unless more than that time intervenes before the next term."

This would seem to be the only express limitation in this State of the time of the return day of original writs, irrespective of the common law practice. The writ in this case was issued on the 6th of April, and the regular term began on the 19th of April—being less than fifteen days after; and we have seen that in this State the length of the terms of court are not fixed by law so as to be known beforehand for the return of process after the first day. We can hardly see, therefore, how it could have been irregular or improper in this case to make the writ returnable, as it was on the first Tuesday of the following month.