GEORGE P. PAINTER *et al.*, Respondents, v. ALVIN A. RITCHEY, Appellant.

### St. Louis Court of Appeals, December 23, 1890.

**Contracts, Implied.** Where a person sees another render a service beneficial to him, and, knowing that the service is rendered in the expectation that he will pay therefor, stands by and fails to speak, a request on his part for the performance of the service may be implied, unless there are other circumstances which repel the inference ; and *held* that, under the facts of this case, the inference was permissible.

*Appeal from the Clark Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*Wm. Berkheimer*, for appellant.

There was no evidence of any contract, express or implied, between the plaintiffs and defendant, in which custom could enter and form a part. There was no privity between plaintiffs and defendant. The only theory plaintiffs could recover on in this case is an implied contract. But here he must fail ; for, to recover for work done, there must be evidence of an express or implied promise. *Allen v. Bowman*, 7 Mo. App. 29 ; *Allen v. Richmond*, 41 Mo. 302 ; *Suits v. Taylor*, 20 Mo. App. 166. The only contract entered into was between defendant and the purchasers of the hay. The court erred in the instruction of its own motion, numbered 3 , as there is no evidence in this case that any hay was to be paid for before removing. The contract is that it was purchased in the stack by the ton ; nothing said about terms of payment. Instructions must be based on evidence. *Beauchamp v. Higgins*, 20 Mo. App. 514 ; *Sheedy v. Streator*, 70 Mo. 679.

*O. S. Callihan*, for respondents.

THOMPSON, J.—This action was commenced before a justice of the peace to recover the sum of $4 claimed to be due on open account for the weighing, on the platform scales of the plaintiffs, of twenty loads of hay at twenty cents a load. In the circuit court the plaintiffs gave evidence to the effect that the hay was brought to be weighed on their scales by drivers, employed by certain railway contractors, to whom the defendant had sold it in his field. The uncontradicted evidence showed that the defendant had sold the hay in the stack at a certain price per ton, the vendees to haul it away, and that neither the defendant nor his teams, nor any agent of his, had anything to do with bringing the hay to the plaintiffs' scales. There is no evidence that the defendant ever made any written or oral request of the plaintiffs to have the hay weighed on their scales ; but the evidence shows that he knew that the purchasers of the hay were having it weighed there, and that he procured from the plaintiff's books a statement of the weight of the first two loads. Several witnesses testified that there was a general custom, known throughout the neighborhood, that, in the case of a sale of a farm produce, the vendor should pay for weighing it, and on this point there was no contradictory evidence.

A party cannot be made a debtor to another without his consent, except in cases where the law raises a duty,—such as a duty on the part of a husband to pay the funeral expenses of his deceased wife, or a duty on the part of executors to pay the funeral expenses of their testator. *Lynch v. Bogy*, 19 Mo. 170 ; WAGNER, J., in *Watkins v. College*, 41 Mo. 308. In all other cases he must be charged, if at all, upon evidence of a contract, expressed or implied ; and the law will not imply a contract, where there has been no *request* to

have the service performed.    It is upon this ground that the well-known rule rests, that a man cannot make himself the creditor of another by officiously paying his debt.   The decision of our supreme court in *Watkins v. College*, 41 Mo. 302, and especially the concurring opinion of Judge WAGNER, throws into clear light the general rule that a man cannot be charged on an implied contract where he has made no request to have the services performed.    See also *Stokes v. Lewis*, 1 T. R. 20 ; *Child v. Morley*, 8 T. R. 610 ; *Jones v. Wilson*, 3 Johns. ( N. Y. ) 434 ; *Beach v. Vandenburgh*, 10 Johns. ( N. Y. ) 361.

Whether there has been such a request as will raise an implied promise is, on a state of facts conceded and unequivocal, a question of law.    *Prickett v. Badger*, 37 Eng. L. & Eq. 428.    But, where the facts are not conceded, or where a conceded state of facts is doubtful or equivocal in its import as to what the parties really intended, it is a conclusion of fact.    But it may be proved otherwise than by evidence of a request in direct words, spoken or written.    Like many other facts, it may be proved by circumstantial evidence, and the beneficial nature of the services, though not enough when standing alone, may be a very important part of a collection of circumstances tending to establish such a conclusion. *Ehle v. Judson*, 24 Wend. ( N. Y.) 97, 99 ; *Hicks v. Burhans*, 10 Johns. ( N. Y.) 243 ; *Oatfield v. Waring*, 14 Johns. ( N. Y.) 188.    "It is not necessary in all cases," says WAGNER, J., "to prove an express assent of the defendant to enable the jury to find a previous request ; they may infer it from their previous knowledge of the plaintiff's acts or his silent acquiescence." *Watkins v. College*, 41 Mo. 302.   But it may be assumed that this principle can only apply in cases, where the facts would raise an equitable estoppel on the ground that the party, sought to be charged on the theory of an implied promise, remained silent when he

ought to have spoken. Where a party stands by and sees another party render a service beneficial to him, and knows that he is rendering it under the expectation of being paid by him for it, and fails to speak, there is reasonable ground for implying a request for the rendering of the service, unless there are other circumstances which repel such a presumption.

Applying these principles to the facts of the case, it seems that there was sufficient evidence to authorize the jury to infer a request on the part of the defendant to have the hay weighed on the scales of the plaintiffs, though it must be confessed that the question is a very close one. The hay was sold by the ton. The vendor knew that it would be necessary to have it weighed, in order to ascertain the amount which the purchasers were to pay him for it. He also knew that they were having it weighed on the plaintiffs' scales. His contract with the purchasers was silent on the question, whether he or they should pay for the weighing. In the silence of the contract, the jury were warranted in inferring that he contracted in view of the well-known custom, and with the understanding that the cost of weighing the hay would fall upon him, and hence that he impliedly constituted the purchasers, or their teamsters, his agents, to make the request of the plaintiffs for the use of their scales. In view of the custom, and in the silence of the contract between him and the purchasers, the services might well be regarded as services performed for his benefit. Under such circumstances, he would naturally understand that both the purchasers of the hay and the owners of the scales would expect him to pay for the services, unless notified to the contrary. In view of the beneficial nature of the services, his failure to notify the owners of the scales that he would not pay for them is such an assent to the rendition of the services, as is tantamount in theory of law, to a request to have them rendered.

We do not think it necessary to set out the instructions. Taking them all together, they were sufficiently favorable to the defendant.

The judgment will be affirmed. All the judges concur.