JOHN A. KERR, Respondent, v. JAMES D. CUSENBARY, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Appellate Practice**: DEMURRER TO EVIDENCE. If, after a demurrer to the plaintiff's evidence has been overruled, the defendant offers evidence, and the whole evidence entitles the plaintiff to go to a jury, the appellate court will not consider the demurrer, though it should have been sustained.

2. **Trial Practice**: CONFLICT OF EVIDENCE: JURY. Where the evidence is conflicting, the jury should pass upon the credibility of all the testimony and determine the issues under the guidance of the instructions.

3. **Quantum Meruit**: BENEFICIAL ACT: ASSENT. Where services are rendered, or a beneficial act is done, the consequent assent of the beneficiary will be sufficient evidence to authorize a finding of a previous request, and it is not necessary in all cases to prove an express assent, as silent acquiesence authorizes the inference.

4. ————: INTENTION: JURY QUESTION. Voluntary services, without intention to charge, can not be made the basis of an action. An intended gratuity can not be turned into a charge; and whether intended as a gratuity, is a question for the jury.

5. **Evidence**: QUANTUM MERUIT: WHOSE SERVICE. The fact that defendant volunteered to ask the other party to the transaction to pay plaintiff for his service, is admissible in evidence as bearing upon the question of intention.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Gates & Wallace* for appellant.

(1) No action can be maintained for services rendered, except in pursuance of a contract, expressed or implied. *Lynch v. Bogy*, 19 Mo. 170; *Allen v. College*,

41 Mo. 302; *Brown v. Chadwick*, 89 Mo. 589. (2) There can be no recovery of compensation for services rendered when it was understood at the time they were rendered no charge was to be made for them against the party sought to be charged. *Hoolan v. Bailey*, 30 Mo. App. 585, p. 588; *Morris v. Barnes*, administrator, 35 Mo. 412, *loc. cit.* 415; *Bank v. Aull*, 80 Mo. 199, *loc. cit.* 202. Defendant's instruction number 5 should have been given. (3) The broker must be the procuring cause of the contract on which he depends for his recovery. It will not suffice for his act to be one of the chain of causes producing the contract; it must be the procuring or inducing cause, or, as it has been said, it must be the *causa causans*. *Ramsey v. West*, 31 Mo. App. 676, *loc. cit.* 687; Ewell on Agency, 341; *Zeidler v. Walker*, 41 Mo. App. 118. *loc. cit.* 121; *Wylie v. Bank*, 61 N. Y. 415; *Earp v. Cummins*, 54 Penn. St. 395; *McClave v. Payne*, 49 N. Y. 561; s. c., 2 Sweeny (N. Y.), 407.

*Warner, Dean, Gibson & McLeod* and *Yeager & Strother* for respondent.

(1) There is no evidence that the services rendered defendant by plaintiff were intended to be voluntary. On the contrary, plaintiff testified that he expected defendant to pay him and the entire evidence supports that view of the relations of the parties. *Smith v. Myers*, 19 Mo. 433, 434; *Dougherty v. Whitehead*, 31 Mo. 255, 257; Bishop on Contracts, [2 Ed.], p. 81, sec. 219. (2) Defendant's fifth instruction was properly refused, because it assumes as a fact that plaintiff "learned that the officers of said Kansas City and Independence Air Line refused to pay him" for his services. There was a conflict of evidence on this question. Plaintiff and the officers of the railroad testified one

way and defendant another. *Ins. Co. v. St. Mary's Seminary*, 52 Mo. 480, 492; *Peck v. Ritchey*, 66 Mo. 114, 121; *Railroad v. Vivian*, 33 Mo. App. 583, 587. (3) Defendant's first, second, third and seventh instructions were properly refused because they were embodied in the instructions given. *White v. Graves*, 68 Mo. 218, 224; *Naylor v. Cox*, 114 Mo. 232, 244. (4) Defendant did not stand on the demurrer to the evidence interposed at the close of plaintiff's case in chief. It was, therefore, waived, and the case must stand or fall upon the evidence considered as a whole. *Jennings v. Railroad*, 112 Mo. 268, 274.

SMITH, P. J.—This is an an action to recover for certain services alleged to have been rendered by plaintiff, at the special instance and request of defendant, in and about procuring to be made a lease of a certain tract of land, between defendant and the Kansas City and Independence Air Line Railway. There was a trial in the court below, where plaintiff had judgment and to reverse which the defendant has appealed.

A demurrer was interposed at the close of plaintiff's evidence, which was overruled. The defendant did not rest his case at this, but introduced evidence to maintain the issue in his behalf. The rule is that if, after such demurrer, the defendant puts in evidence, and the evidence as a whole entitles the plaintiff to go to the jury, the demurrer will not be considered by the appellate court, though it should have been sustained. The case must stand or fall upon its evidence considered in its entirety. *Jennings v. Railroad*, 112 Mo. 268; *Hilz v. Railroad*, 101 Mo. 42;' *McPherson v. Railroad*, 97 Mo. 253; *Bowen v. Railroad*, 95 Mo. 276.

The evidence contained in the record before us is quite lengthy, and is as conflicting as it is lengthy. If the testimony of the defendant is to be accredited,

and that of the plaintiff discredited, the verdict is clearly for the wrong party; and, on the other hand, if the reverse be true, then it is as clearly for the right party.    In view of this, if the whole evidence warranted a submission of the case to the jury, it was for them to pass upon the credibility of all the testimony and determine the issues under the guidance of the instructions.

There was evidence introduced which tended to show that plaintiff was, in the first place, employed by defendant to procure someone who would erect a hotel at "Cusenbary Springs." It appears further that plaintiff and defendant called on the managing officers of the Air Line Railway, to induce them to erect the desired hotel, since the springs were on their line of railway. The officers stated that they might consider the proposition to build the hotel, if they could get a lease of enough ground about the springs for a park. The plaintiff, in connection with the defendant, thereupon submitted a proposition for the leasing of the springs tract of land, as well as for the erection of a hotel thereon. While this was rejected by the Air Line managers, they signified their willingness to lease the land, without erecting the hotel. After much parleying, the terms of the lease for the land were agreed upon.

But shortly after this, the Air Line managers, finding that they would need more land than the tract they were about to lease, upon which to construct a lake, declined to execute the lease unless they could acquire it. The plaintiff thereupon set about to assist the managers in accomplishing this, and to that end he opened up a correspondence with a Mr. Parsons, a resident of the state of Iowa, the owner of the needed land, whom he induced to come to Kansas City and confer with the Air Line managers in relation thereto.

This resulted in the acquisition of the desired land of Parsons, on satisfactory terms, so that the Air Line managers thereafter executed the lease. It appears that it was solely through the exertions of the plaintiff that the Air Line managers were enabled to obtain of Parsons the additional land they needed. Neither Parsons nor the Air Line managers agreed to pay plaintiff for this service.

After the Air Line managers had indicated their willingness to accept of lease of the land, and before it was finally executed, there were many details about which there existed differences, which were adjusted by subsequent negotiations in which plaintiff took an active part by direction of defendant.

Without specifying further, it is sufficient to say that, while the evidence tends to show that plaintiff was primarily employed by defendant to procure someone who would erect a hotel on the land of the latter, that it also appears that during plaintiff's endeavors in that direction, it was ascertained that the Air Line managers would lease the land upon certain conditions, but would not erect the hotel thereon, and that thereafter the efforts of plaintiff, with the assent of the defendant, were confined to effecting the lease. While the Air Line managers were willing from the start to lease the land, there were certain obstructing conditions in the way of entering into it, until removed through the agency of the plaintiff. We are therefore constrained to think that while the evidence is lacking in strength, still we can not say that it is insufficient to justify the submission of the case to a jury.

It is undoubtedly true that the law is, as defendant contends, that no action can be maintained for services rendered, except in pursuance of a contract, express or implied. But it is also well settled that whenever service is rendered and received, a contract of hiring, or an

obligation to pay, will be presumed. Where an act done is beneficial, the subsequent assent of the beneficiary will be sufficient evidence from which the jury will be authorized in finding a previous request. Nor is it necessary, in all cases, for the plaintiff to prove an express assent of the defendant, to enable the jury to find a previous request; they may infer it from his knowledge of the plaintiff's acts, or his silent acquiescence. *Smith v. Meyers*, 19 Mo. 434; *Dougherty v. Whitehead*, 31 Mo. 255; *Brown v. Chadwick*, 79 Mo. 587.

If the plaintiff, at the time the services were rendered defendant, did not intend to make any charge against him therefor, he can not maintain his action to recover for the same, for the law can not imply a promise contrary to the intention of the parties. The rule is that, when a party voluntarily does an act, or renders service, and there was no intention at the time that he should charge therefor, or understanding that the other should pay, he will not be permitted to recover; for that which was originally intended as a gratuity, can not be subsequently turned into a charge. *Penter v. Roberts*, 51 Mo. App. 227; *Allen v. Richmond College*, 41 Mo. 302; *Morris v. Barnes*, 35 Mo. 412; *Bank v. Aull*, 80 Mo. 199; *Guenther v. Berkicht*, 22 Mo. 439; *Hart v. Hess*, 41 Mo. 441.

And whether the services rendered were intended as a gratuity is a question of fact to be left to the jury. The fifth instruction asked by defendant and refused by the court was to the effect that, if the jury believed from the evidence that the plaintiff, at the time of the rendering of the services, did not intend to make a charge against defendant, therefore there could be no recovery. We think the defendant was entitled to this instruction and that its refusal was error. Whether the plaintiff for the first time concluded to make a charge, after he

had learned from the defendant that the managers of the Air Line would pay him nothing, is unimportant. It is sufficient to defeat his recovery, if no such intent existed in his mind when the services were rendered.

The evidence shows that the plaintiff was not in the employment of the Air Line managers and that he did not look to them for payment for his services in respect to the procurement of the lease. After defendant had volunteered to see the latter and did so, reporting to the plaintiff that they would pay him nothing, was when he learned that fact. There is no conflict in the evidence as to this fact and its assumption was authorized by the undisputed evidence. It was a fact for the consideration of the jury, as bearing upon the question of intention—whether the plaintiff intended to make the charge when he rendered the services, or whether it was an afterthought.

The other instructions refused for defendant stated no rule of law applicable to the case that is not sufficiently embodied in his fourth, sixth and ninth which were given for him. The three last named, with a like number given for the plaintiff, with the exception already noticed, fully covered every phase of the case. They were consistent and harmonious expressions of the law which have been many times approved. *Wetzell v. Wagoner*, 41 Mo. App. 516; *Millan v. Porter*, 31 Mo. App. 563; *Tyler v. Parr*, 52 Mo. 249; *Bell v. Kaiser*, 50 Mo. 150; *Beauchamp v. Higgins*, 20 Mo. App. 514; *Ramsay v. West*, 31 Mo. App. 676; *Zeidler v. Walker*, 41 Mo. App. 118.

The judgment will be reversed and the cause remanded. All concur.