ENGELBERT VOERSTER, Respondent, v. CHARLES KUNKEL, Appellant.

St. Louis Court of Appeals, December 4, 1900.

1. Contract: GRATUITOUS SERVICES: COMPENSATION, IMPLIED CONTRACT FOR: EVIDENCE: INTENT, QUESTION FOR JURY. If it be doubtful under the evidence in a case whether services rendered by one party for another, were rendered as a gratuity, or whether there was an intention on the one side to charge and on the other to pay, it is for the jury to say whether under all the circumstances there was an implied contract for compensation.

2. ——: ——: PRESUMPTION. Where valuable services are rendered on request, and there are no circumstances tending to prove that the services were intended to be gratuitous, then the legal presumption arises that they were intended to be paid for.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Tenbroek, Spooner & Walsh* and *J. M. Holmes* for appellant.

Under the facts as found by the referee, no intention to charge, or to pay by either party, can as a matter of law be inferred. Potter v. Carpenter, 76 N. Y. 157. The subsequent attempt to charge in 1890, does not alter the situation. Osier v. Hobbs, 33 Ark. 215; Allen v. Bryson, 67 Iowa 591; Cook v. Beadley, 7 Conn. 57; Williams v. Hathaway, 19 Pick. 387.

*Rassieur & Buder* for respondent.

(1) Where a person requests the performance of services, and the request is complied with and the services are performed, and it is not agreed, and can not be inferred from the circumstances, that the services were to be rendered without compensation, the law raises an implied promise to pay the reasonable value of the services. McQueen v. Wilson, 51 Mo. App. 138; Smith v. Myers, 19 Mo. 434; Penter v. Roberts, 51 Mo. App. 222; Lawson on Presumptive Evidence, 75. And whether services were intended as a gratuity or not, is a question to be determined by the trier of the facts. Kerr v. Ousenbary, 60 Mo. App. 558. (2) In this case the referee has found that the services of plaintiff were not rendered voluntarily, but at defendant's special request, with an intent on plaintiff's part to charge and on defendant's part to pay. The findings of a referee stand as the special

verdict of a jury, and this court will not go back of its find-
ings to review or weigh the evidence. Lingenfelder v. Wain-
wright, 103 Mo. 578; Wiggins Ferry Co. v. Railroad, 73
Mo. 389; Daly v. Timon, 47 Mo. 516.

BIGGS, J.—The plaintiff is a practicing physician.
The defendant is a professor of music. The plaintiff sues for
medical services alleged to have been rendered to the mem-
bers of defendant's family at his request, and also to persons
belonging to the family of defendant's brother. The de-
fendant denied the alleged indebtedness and filed a counter-
claim for musical lessons given to plaintiff's children and
also for other services pertaining to the defendant's profes-
sion. The cause was sent to a referee, who found the sum
of five hundred and forty-six dollars to be due plaintiff for
the medical services alleged to have been rendered to the
members of defendant's family, and he found for the de-
fendant on his counterclaim in the sum of one hundred and
twenty dollars, which amount he deducted from the amount
found to be due plaintiff, and recommended a judgment for
the balance, with interest from the date of the institution
of the suit. The defendant filed exceptions to the report of
referee. The circuit court was of the opinion that the
amount found to be due plaintiff by the referee was excessive
in a small amount, which was deducted, and judgment
entered for the balance. From that judgment defendant
has appealed.

In this court the defendant admits that the plaintiff
rendered the services claimed and for which judgment was
rendered, and that the charges therefor were reasonable.
It is conceded that there was no express contract to pay for
the services, and the contention of the defendant is that the
facts found by the referee are not sufficient to authorize the

conclusion that there was an implied contract or promise to pay, which his counsel contended is a conclusion of law. Their position is stated thus: "In the absence of an express promise, the obligation to pay, or the the implied promise to pay, granting a given state of facts, is a conclusion of law." This is a correct statement of the law as applicable to certain facts. Thus where valuable services are rendered on request, and there are no circumstances tending to prove that the services were intended to be gratuitous, such as might be implied from the relationship of the parties, then the legal presumption arises that they were to be paid for. Or, if the claim for services is in favor of a child against the parent or other person standing in *loco parentis* to the claimant and there is no evidence of an express promise to pay, or facts from which it could be implied, then the legal implication would be that the services were intended as a gratuity. But on the other hand if it be doubtful under the evidence whether the services were rendered as a gratuity, or whether there was an intention on the one side to charge and on the other to pay, it is for the jury to say whether, under all the circumstances, there was an implied contract for compensation. Whaley v. Peak, 49 Mo. 80; Smith v. Meyers, 19 Mo. 433; Guenther v. Birkicht, 22 Mo. 439; Hart v. Hart, 41 Mo. 441; Kerr v. Cusenbarry, 60 Mo. App. 558. Now, in the present case, the referee found as facts that the plaintiff rendered the services with the intent to charge therefor, and that the defendant requested them with the intent to pay. If there is substantial evidence to support these findings, the judgment of the circuit court must be affirmed, for in a law case the report of the referee is equivalent to the special verdict of a jury, and is equally binding on the trial and appellate courts. That there was such evidence there can be no question. We quote the following from the testimony of

plaintiff: Q. "What professional services did you at any time perform for him at his request?" A. "I rendered services, medical and surgical, and also furnished medicines to him, his wife, his family, his mother," etc. Q. "You were summoned to his house at his request in these cases?" A. "I was summoned by him to his house in all cases, and to his office, or at other times, where specially mentioned in the bill, services were rendered at my office." Q. "These services you have charged here for his wife, by whose order were they rendered?" A. "By order of the defendant in this case, her husband, Charles Kunkel." Q. "With respect to the services you have charged for the services to their daughter, Miss Tillie, at whose request were those services rendered?" A. "By request of Mr. Charles Kunkel." Q. "Also there is charged eighteen dollars for services to his mother, Mrs. Kunkel; by whose request and order were those services rendered?" A. "By special order of Mr. Kunkel."

The following appears from the cross-examination of the defendant: Q. "He attended your wife?" A. "Yes." Q. "He also attended other members of your family?" A. "If he did, I did not know anything of it." Q. "Do you say you do not know anything of his attending other members of your family?" A. "I do not know that he attended any of my sons, but as long as the Doctor put it down there, I know he would not put down anything that was not correct, and I will pay it." Q. "You expected him to charge for attending your wife?" A. "Yes, certainly."

There are circumstances in evidence that tend to controvert the findings of the referee, that is that the plaintiff was not the family physician of the defendant, and that the social relations of the plaintiff and defendant were such as to warrant the inference that the services of neither party, as

represented by the claim and counterclaim in suit, were in-
tended to be made a matter of charge, but such considera-
tions must be put aside as the positive testimony of the
parties themselves is to the contrary.

Under the findings of the referee and the admissions of
the defendant, the judgment of the circuit court could not
have been otherwise. It will therefore be affirmed. All
concur.