JONES v. CLARK *et al.*

*Appeal from Dubuque District Court — Thursday, December 9.*

CONTRACT — PRACTICE.

IN 1864, plaintiff and the defendant John Clark entered into a written agreement for the lease, by the latter from the former, of certain mineral lots, together with the machinery, boiler, pumps, etc., thereon ; the same to be worked by defendants, who took possession accordingly, and remained thereon for several months, and until October of that year. A large amount of mineral was raised, several thousand dollars expended, and for some cause, either that the lodes did not pay, want of funds, or other causes not necessary to investigate, work was stopped, and plaintiff, through a third person, took possession, claiming all the property there found, as also some articles sold by Clark about the time the mining ceased. Soon after, this suit was commenced, the object being to recover the premises, for an account of the receipts and expenditures, the value of certain property converted by defendants, etc., etc.

John Clark, in his answer, took issue upon the principal matters of the petition, and in his cross-bill claimed various sums against plaintiff, for services, for money paid, etc.; and he and his co-defendant (Ezekiel Clark) claiming that two boilers, of the value of $1,600, were not the property of plaintiff, as claimed by him, but of said Ezekiel. He also claimed the value of a certain engine, fixtures, etc., placed there by him and withheld from him by plaintiff. The cause was referred, and it was then agreed that all claims made by the respective parties should be withdrawn, except as therein stipulated. From the testi mony the referee found, as to these items, substantially for the defend- ants. In the District Court this finding was in all respects confirmed, and plaintiff appeals.

*Munroe & Deery* and *Adams & Robinson* for the appellant — *H. S. McNulty* and *Shiras, Van Duzee & Henderson* for the appellees.

WRIGHT, J. — The record is very voluminous, and yet it presents really but three questions, and these all of fact.

*First.* Plaintiff held the diggings at the time of the lease, and thereon were certain boilers, pumps, sheds and other property and machinery, which had been theretofore used in working the lodes or mines. All these were leased with the diggings. Clark was to take the property, put it in order, etc., make such additions or alterations thereto as might be necessary for the convenient working of said mines, and to explore the premises for mineral. It seems that he had already incurred certain expenses for work thereon, and after paying these and subsequent expenses, the proceeds were to be divided, as therein stipulated. There was also this provision : "Any *addition made by said Clark, or which shall be made by him to the machinery or other property of the said Jones, on the premises aforesaid,* shall be the property of *said Jones*, but any *independent machinery* or property which shall be placed on said premises by him, said Clark, shall remain his property."

And now the first question is: who, under the stipulations, owned a certain engine governor, and other items of property, not part of the machinery previously at the diggings, the same being put there by defendant John Clark. Its solution depends upon whether the articles were "additional" or "independent" machinery. Our conclu- sion from the language of the lease, the purpose and intention of the parties, and from all the testimony, is, that they are "independent," and, as a consequence, the referee and district court did not err in find- ing this issue for defendant.

*Second.* Certain large boilers, costing $1,600, were bought by Eze kiel Clark, at the request of John, brought on to the ground, but never placed in position, nor in any manner connected with the engines or machinery. They were to remain the property of Ezekiel until

paid for. Plaintiff affirms that this payment has been made, and this defendants deny. If the case, as to this point, turned upon this question of fact, it would be quite difficult to determine. Indeed, it is more than probable that we should not be agreed in opinion thereon. We unite in the conclusion, however, that, whether paid for or not, plaintiff cannot hold these boilers. He claims them as his property, and because they were not given him, he now complains. But they were bought by Ezekiel upon a contract with John. They are certainly "independent machinery" — in no sense "additional," for they have never even been attached to the soil, or in any way affixed — and hence, in no view of the lease, would they be plaintiff's property. If paid for out of the mineral (and this is plaintiff's claim), then, though John Clark might be his debtor to that amount, or to the extent of plaintiff's share therein, this would not entitle plaintiff to the boilers, nor to the possession thereof. The question of payment is between John and Ezekiel, and though the latter was paid, plaintiff would have no right to hold these articles as against either, certainly not as against Ezekiel.

*Third.* At the time negotiations were pending for leasing the property, it seems that other parties made some claim to the property, or that there was some litigation in relation thereto; and by the efforts of John Clark, a compromise was effected, and these adverse claimants surrendered all title, and the litigation was brought to an end. In his cross-bill, he claims for these services $350, and this amount was allowed by the referee and district court. The testimony satisfies us that these services were believed by defendant John Clark, at the time, to be as much for his own as for plaintiff's interest: that he was anxious to get possession of the diggings; that he worked but a few days to remove these obstacles; that he had no thought nor intention of charging for his services; that plaintiff had no expectation that he would charge for the same; that the claim is an after-thought, made, as too often occurs, in a heated and protracted litigation, to meet an emergency, and, hence, should have been disallowed.

It only remains to say, that while appellees insist that the referee should have allowed for certain money paid by John Clark in effecting said settlement, there is nothing to show that they took any exception to this part of the report, nor that they invoked the action of the court below thereon. Neither do they appeal. They have, hence, no standing as to this part of the report in this court. The decree below will be directed to be modified to the extent of the $350, with its interest. In other respects it will stand affirmed, the plaintiff recovering the costs of this appeal.

Affirmed as modified.