RYAN v. GILLIAM *et al., Appellants.*

The judgment of the court below enjoining a sale under a deed of trust is affirmed, on the ground that the note which the deed of trust was given to secure, was without consideration.

*Appeal from Saline Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

AFFIRMED.

This was a suit by Matthew Ryan to enjoin Gilliam & Doak from enforcing a deed of trust given by him to secure a note for $4,500. The facts were briefly these: Gilliam & Doak, who were bankers, held a note for $1,000 made

by James B. Ryan, a brother of plaintiff, and Edward Langan, and also a note for $2,012 made by James B. Ryan and Langan, and purporting also to be signed by plaintiff. About the time these notes came due, James B. Ryan represented to Gilliam & Doak that he was shipping cattle to St. Louis and needed some money to pay expenses, and also wished to take up the above mentioned notes, and requested them to advance him $4,500 for these purposes upon a draft which he would draw on his commission merchant in St. Louis. They consented and furnished the money on the draft, at the same time surrendering the notes. No cattle were shipped, and the commission merchant refused to pay the draft. Thereupon Gilliam & Doak obtained from plaintiff the $4,500 note and deed of trust in question. In this suit plaintiff claimed that he had never signed the $2,012 note, and that the $4,500 note and deed of trust were obtained through fraud and imposition practiced upon him, and by holding out threats of a criminal prosecution against James B. Ryan if his indebtedness was not settled, and promises of immunity if it was settled. Plaintiff had judgment, and defendants appealed.

*W. H. Letcher* and *Samuel Boyd* for appellants.

*Chas. A. Winslow* for respondent.

SHERWOOD, C. J.—The decree of the circuit court enjoining the sale of the land conveyed by the deed of trust, executed to Andrew Holmes by Matthew Ryan, to secure his note for $4,500, may well be upheld on this ground; that such note was without consideration. The only valid and valuable consideration which could have moved Matthew Ryan to the execution of the deed of trust and the note for $4,500 secured thereby, was the fact of his having signed as surety the note for $2,012. But this note Ryan swears emphatically he never signed. This positive testimony is not countervailed by the testimony of Woodbridge, who testified that he did not see Matt. Ryan sign the note;

that he' can't say positively that it is his signature, but thinks it is; that he has no recollection of seeing Matt. Ryan sign the note, but could almost swear that he did sign it. Besides, both witnesses were before the court, and even if the testimony were evenly balanced as to the execution of the note, we should in accordance with our prior rulings defer to the finding of the trial court. This has been our custom unless there was some other evidence or circumstance, or some intrinsic improbability in the testimony which would induce us to arrive at a conclusion at variance with that arrived at by the trial court. Therefore, judgment affirmed. All concur.