ZIEKEL, *Appellant*, v. DOUGLASS. *et al.*

1. **Conveyance in Fraud of Creditors**: SPECIAL DEFENCE, WAIVER OF. The objection in an action to set aside a deed because made in fraud of creditors, that the defence that the land conveyed was a homestead of the debtor was not specially pleaded, is waived unless made when the evidence was offered.

2. ———— : EVIDENCE. Stronger evidence is required of a fraudulent intent on the part of a debtor who has conveyed property as against subsequent creditors, than when the debtor was in failing circumstances and the creditors were existing ones.

*Appeal from Caldwell Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

*C. H. Mansur, John C. Cross* and *C. S. McLaughlin* for appellant.

(1) The defendant, Arnot P. Douglass, although present at the trial, did not testify, which is a strong circumstance against him. *Mabary v. McClurg*, 74 Mo. 575 ; *Baldwin v. Whitcomb*, 71 Mo. 651 ; *Cass Co. v. Green*, 66 Mo. 512 ; *Henderson v. Henderson*, 55 Mo. 559. (2) The evidence showed a case of fraud. (3) The acts and declarations of Arnot Douglass while in possession of the lands conveyed, were admissible in evidence to

show the true character and purpose of the conveyance. *Potter v. McDowell*, 31 Mo. 74 ; *Exchange Bank v. Russell*, 50 Mo. 531 ; *Darrett v. Donnelly*, 38 Mo. 494 ; *Trotter v. Watson*, 6 Humph. 509 ; *Cahoon v. Marshall*, 25 Cal. 202 ; Abbott's Trial Evidence, 740–1. (4) There was no defence of a homestead raised by the pleadings, and it was, therefore, inadmissible on the trial. *Northrup v. Insurance Co.*, 47 Mo. 444. (5) The testimony of Mrs. Arnot Douglass was competent, she being a wife of one of the defendants, but not of the party to the issue in this case. *Exchange Bk. v. Russell*, 50 Mo. 534.

*J. Wait* and *Wm. Henry* for respondents.

(1) In order to defeat the title of a purchaser from one who conveys lands with a fraudulent intent, the vendee must have notice of such intent or participate in the fraud. *Byrne v. Becker*, 42 Mo. 264 ; *Chouteau v. Sherman*, 11 Mo. 585 ; *Henderson v. Henderson*, 55 Mo. 534, 555 ; *Little v. Eddy*, 14 Mo. 160. (2) A party in failing circumstances has the right to prefer one creditor even to the entire exclusion of others. *Richards v. Levan*, 16 Mo. 596 ; *Johnson v. McAlister*, 30 Mo. 327. And this necessarily implies the right of such creditor to accept such preference. *Shelley v. Boothe*, 73 Mo. 74. (3) And it is no objection to the validity of a conveyance by a debtor which operates to hinder and delay other creditors, that it was made with the intent on the part of the debtor that it should so operate, and that the creditor receiving it was aware of that intent, provided he received it with the honest purpose of securing his own debt. *Shelley v. Boothe*, 73 Mo. 74 ; *Forrester v. Morse*, 71 Mo. 652–9 ; *Dunley v. Danforth*, 61 N. Y. 626. (4) And the declarations made by the debtor after he executes the conveyance, cannot be allowed to affect the rights of the grantee. *Gutzweiler's adm'r v. Lackman*

*et al.*, 39 Mo. 91; *Stewart to use, etc., v. Thomas, adm'r*, 35 Mo. 202; *Davitt v. Donnell*, 38 Mo. 492; *Railroad v. Clark*, 68 Mo. 371–5; *Bank of Missouri v. Russell*, 50 Mo. 531, see 554. (5) All presumptions are in favor of the judgment; and upon pure questions of fact even in equity cases, this court will defer to the finding of the trial court, unless the evidence is such as to induce a decided opinion at variance with the conclusion reached by the trial court. *Ryan v. Gilliam*, 75 Mo. 132. And the finding has additional force when—as in the case at bar —the burden of proof rests on the party against whom the finding is made. And when fraud is the fact in issue, it will not be presumed to exist, when all the facts as well consist with honesty and fair dealing as with an intention to defraud. *Rumbolds v. Parr*, 51 Mo. 592; *Dallam v. Renshaw*, 26 Mo. 533; *Ames v. Gilmore*, 59 Mo. 537; *Henderson v. Henderson*, 55 Mo. 534, 555; *Chapman v. McDuvalt*, 77 Mo. 39, 44. (6) *Prima facie* a married woman is incompetent as a witness in a case to which her husband is a party; and if it is claimed that particular facts exist on account of which she is competent to testify, such facts must be shown by testimony other than her own; for until her competency is established her mouth is completely closed; and she can no more speak as to her own competency than as to other facts in the case. *Williams v. Williams*, 67 Mo. 661. (7) Error in excluding evidence will afford no ground for reversing a judgment, when the error is harmless. *Carson v. Cummings*, 69 Mo. 325; R. S. 642, sec. 3775.

SHERWOOD, J.—The object of the plaintiff is to set aside as fraudulent a deed made October 8, 1878, by defendant, Arnot P. Douglass, to his brother and co-defendant, Jas Douglass. This deed was not put to record till January 13, 1879. The judgments upon which executions were issued under which the property in question was sold, were not rendered until over eight months after

the deed was made, and over five months after the deed was recorded. It does not appear in evidence when the debts on which these judgments were rendered were contracted. It would seem that there were no debts at the time the deed sought to be set aside was made, save the debt due to James Douglass, his brother, and those for which he was responsible as security. These sums amounted to as much as the consideration mentioned in the deed, and a little more. Thus : $1,700, Evans note and interest ; the Rehard note, $660.00 ; Pollard debt for $270.00, and interest ; $70.00 paid on Shaffer, which was assumed, and another note for about four hundred dollars, making in all some $3,100.00.

In addition to that, evidence was offered without objection that Arnot P. Douglass had a homestead in the land he first owned, the deed to which was filed in 1872, and that he sold this place and applied the proceeds to the purchase of the "Polo place," which he afterwards occupied as a homestead, and which place he subsequently conveyed, as aforesaid, to his brother, James Douglass. Some of the authorities hold that a homestead right must be specially pleaded. Others hold that under the general issue, as pleaded in the case at bar, you may show a right to a homestead. As no objection was made to the introduction of evidence of the character mentioned, any formal plea of homestead, even if one were necessary, may be considered as waived. Looking at the matter in this light the creditors whose claims are the foundation of the present suit, were. not interested in the homestead or its proceeds so far as concerns the fifteen hundred dollars, for that amount was beyond their reach, and this sum deducted from the amount paid and assumed by James Douglass for his brother would leave but sixteen hundred dollars, as to which his creditors could lay any claim, and this sum would be covered by other debts paid by James Douglass, leaving out of consideration

the Evans note and interest, as to which the chief objec-tion is urged.

It must be conceded that there are some circum-stances in this case not free from grave suspicion, but deferring, as we must, to some extent, to the trial court, as has been our wont (*Ryan v. Gilliam*, 75 Mo. 132), and looking to the fact, that so far as this record discloses the creditors under whose judgments plaintiff bought, were subsequent creditors, as to whose claims stronger evidence is required as to fraudulent intent on the part of the debtor than when the debtor is in bankrupt cir-cumstances, and the creditors are existing creditors at the time the conveyance charged to be fraudulent is made. The judgment of the lower court, in considera-tion of the foregoing facts and considerations, should be affirmed. All concur.