HUGHES & DILL, Respondents, v. CHARLES H. VANSTONE, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. LANDLORD AND TENANT — LEASE — OBLIGATION UPON TENANT.— In every lease there is, unless excluded by the operation of some express covenant or agreement, an implied obligation on the part of the lessee to so use the property as not unnecessarily to injure it. But it is not an obligation to repair generally, but merely to keep the premises in as good repair as he receives them, ordinary wear and tear and accidental injuries excepted.

2. ————— LIABILITY FOR REPAIRS — CASE ADJUDGED.— The repairs in proof were not such as either the tenant or landlord were obliged to make. But either party might have *employed* the other to make the repairs, and the doing of the work would be a sufficient *consideration* to support a promise to pay for them.

3. PRACTICE — ABSTRACT OF RECORD — PRESUMPTION — Where an instruction is complained of as having no evidence in support of it, but the abstract of the record fails to show that there was no such evidence, this court will make every intendment in favor of the action of the trial court. The abstract of the record, is for this court, *the record itself*. But a *statement* in the abstract that *the record* shows such and such facts is not sufficient; the *record must* be set out in the abstract.

Appeal from Saline Circuit Court, Hon. John P. Strother, Judge.

*Affirmed.*

Statement of case by the court.

This was an action instituted by the plaintiffs in a justice's court, on account for twenty dollars and interest for "repairs and materials on warehouse."

The defendant appealed to the circuit court from a judgment rendered against him in the justice's court.

The plaintiffs had judgment in the circuit court and the defendant has appealed to this court.

Plaintiff, Dill, rented three warehouses from the defendant for a term of two years. The lease was in writing and by its terms Dill agreed "to take good care of the property." During the term of the lease Dill & Hughes formed a partnership as grain dealers, and used the warehouses in their business. The plaintiffs thought that it was necessary to support one of the warehouses by props in order to prevent it from falling. Dill asked the defendant to have the warehouse so repaired. The defendant agreed to have the repairs made if Dill would send a man to him who could make them. Dill sent the man, but the defendant did not have the repairs made. Afterwards, the plaintiff, Hughes, furnished the material for the props and put them up as needed. The plaintiff, Dill, testified that after the work was done the defendant promised to pay for it. This statement the defendant contradicted.

The defendant has presented an abstract of the record, statement and brief. The plaintiffs have presented none of them. The defendant in his abstract has set out the lease entered into between Dill and the defendant, and also the instructions, but he has not, in addition to the lease, set out a single excerpt from or word of the testimony. He has simply in his own words set out the

facts as he says they were or were not established by the evidence. We have hereinbefore stated facts contained in said abstract. The defendant, in addition to the facts thus stated by us, has stated in his abstract that defendant " did not request or authorize either Dill or Hughes to repair the house."

BOYD & SEBREE, for the appellant.

I. Under the written lease between plaintiff Dill and appellant, Dill was bound to "take good care of the property," and was bound to keep the same in repair. Woods' Landlord & Tenant, pp. 582-3-4, sect. 368. *Rogan v. Dockery*, 23 Mo. App. 313.

II. There is no pretense that Vanstone ever authorized or employed the plaintiffs to make any repairs or to do any work for him. The work being without request of Vanstone, either expressed or implied, the plaintiffs ought not to recover. *Allen v. Richmond College*, 41 Mo. 302.

III. The first and second instructions given at instance of plaintiff should not have been given. There were no facts on which to base either of them. There was no evidence tending to show either that defendant employed Dill to do *any work*, or that any *account* for the work was ever presented. The instructions asked by defendant and amended by the court should not have been given as amended; because, (1) The action itself was for *repairs* and not for *other* than *repairs* and (2), Because whether they were repairs or *other than repairs* plaintiff could not recover unless he was requested by defendant to do the work.

IV. The verdict and judgment should have been for defendant.

No brief for respondent.

HALL, J.— Under the lease the defendant did not have to repair the warehouse. *Vai v. Weld et al.*, 17 Mo.

233 ; Wood on Land. & Ten. sect. 368.   It was the duty
of Dill, the tenant, to make certain repairs—"fair and
reasonable repairs."   The obligation to do so would
have resulted from the relation of landlord and tenant
between the defendant and Dill created by the contract.
In every lease there is, unless excluded by the operation
of some express covenant or agreement, an implied obli-
gation on the part of the lessee to so use the property
as not unnecessarily to injure, or, as is stated by Mr.
Cowyen, "to treat the premises demised in such manner
that no injury be done to the inheritance, but that the
estate may revert to the lessor undeteriorated by the wil-
ful or the negligent conduct of the lessee."   Cow. Land.
& Ten. 188.   This implied obligation is part of the contract
itself, as much so as if incorporated into it by express
language.   It results from the relation of landlord and
tenant between the parties which the contract creates.
It is not a covenant to repair generally, but to so use the
property as to avoid the necessity for repairs, as far as
possible.   *United States v. Bostwick*, 94 U. S. 66 ;
Wood on Land. & Ten. sect. 368.   The express agree-
ment on the part of Dill "to take good care of the
premises" added nothing to the obligation of Dill in
this respect, which would not, without such agreement,
have been implied from the contract ; the said agreement
simply in express terms created the obligation which
would otherwise have been implied, but such obligation
was exactly what it would have been had it been im-
plied and not expressly created ; no more, no less.   The
obligation was neither enlarged nor diminished.   It was
just the same.

A tenant, unless the contract otherwise provides,
"is merely required *to keep the premises in as good re-
pair as he receives them*, ordinary wear and tear and
accidental injuries excepted.   In other words, he is only
so bound to so use the premises as not be guilty of *vol-
untary* waste.   He is not bound to replace an old floor
with a new one, or to rebuild a fallen chimney, or to

put on a new roof, or to put in new sashes or doors in place of those that are worn out, nor to rebuild or repair premises accidentally destroyed or injured by fire or other cause not resulting from his negligence." Wood on Land. & Ten., sect. 368. And in the same section it is stated by the author that a tenant is not "called upon to make lasting or substantial repairs, as, to put on a new roof, or make what are called general repairs."

The repairs in proof were not such as the tenant was obliged to make. Nor did the landlord have to make them. There was no obligation on either party to make said repairs. But either party might have employed the other to make the repairs and the doing of the work would have been a sufficient consideration to support a promise to pay therefor.

In actions for work and materials furnished a request by the defendant is material to be proved. "But where the act done is beneficial to the other party, whether he was legally bound to have done it or not, his subsequent express promise will be binding, and even his subsequent assent will be sufficient evidence, from which the jury may find a previous request, and he will be bound accordingly." 2 Green. on Ev., sect. 107 ; Separate opinion by Wagner, J., in *Allen's Adm'x v. Richmond College*, 41 Mo. 308.

The court improperly submitted the question to the jury as to whether the repairs, the nature and character of which were not in dispute, were such as the plaintiff, Dill, was, under the lease, bound to make. The character of said repairs being admitted, it was a question of law as to whether it was Dill's duty under the lease to have made them. It was improper to submit the question to the jury, but, inasmuch as the jury correctly decided the question, the error did no harm and the judgment will not be reversed on account of it. *Pence v. Langdon*, 99 U. S. 580.

The instructions, considered abstractly, are not open

VOL. xxiv—41

to objection by the defendant. They are, with the exception just mentioned, in harmony with the views expressed herein. The only ground on which the defendant could object to the instructions is that they were unauthorized by the evidence, and on this ground he does object. This objection the defendant is in no position to make, because he has not set out the evidence in his abstract of the record. Where the appellant relies upon the failure of proof he must set out the evidence in his abstract, otherwise we will not notice the objection. The abstract of the record is for us the record itself, unless the respondent file a counter abstract, and, except where a counter abstract is thus filed, we do not go to the record itself, but confine ourselves to the abstract filed by the appellant. In this case we cannot say that there was no proof on any question submitted in the instructions, without first examining the evidence, and this we cannot do without going to the transcript of the record ; this we will not do.

We must make every intendment in favor of the action of the circuit court. The abstract of the record failing to show that there was no evidence to support the instructions, we must assume that there was such evidence. And, moreover, so far as the facts stated by the defendant in the abstract of the record support the court's action, we assume that the facts are as thus stated, because, as just stated, we assume, the contrary not appearing, everything necessary to the correctness of the court's action, and we have the right to also assume that the defendant would not state facts against his interest unless they were as stated. But any fact, stated in said abstract of the record, which, if true, would render the court's action erroneous, must be shown to exist by the record itself or excerpts therefrom set out in the abstract ; the statement that the record showed such fact is not sufficient, but the fact must be made to appear from the record set out in the abstract.

From the record, so far as it appears in the abstract thereof filed by the defendant, we find no error committed in the trial of the case. Judgment affirmed. All concur.