### Richard Evans v. John T. Henry.

1. SERVICES—*Rendered Without Intention to Charge.*—Where the intention to claim compensation for services rendered is an afterthought no recovery can be had.

Assumpsit, for services. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

A. C. BALL, attorney for appellant.

U. W. LOUDERBACK, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in favor of appellee for $275, recovered in a suit against appellant for coal, for labor as a foreman in a coal mine, for the use of a coal shaft and for the work of a team.

The evidence shows that the appellee was operating a coal shaft under a lease from Smith, Hill & Co., which provided that it should terminate upon a notice of sixty days, in the event of a sale of the property. In June, 1894, appellant

purchased the mine and gave notice which terminated the lease on the 8th of August, 1894. After the termination of the lease appellant employed appellee as pit-boss, which employment continued until in January, 1895, when appellee formed a partnership with another party and began operating a shaft at Chenoa, Ill. No part of the claim sued on is for services or material furnished after the time the appellee was employed as pit-boss, but is for services, material, etc., furnished during the sixty days intervening the service of notice and the termination of the lease.

At the time notice was served, appellee was taking coal from the second vein, and so continued up to the end of the sixty days.

About the last of June, under an amicable arrangement between the parties, appellant began sinking the shaft to the third vein. During the time appellee furnished appellant three or four hundred dollars worth of coal, did some entry driving and other work, amounting in all to $842.80. Against that was $769.88 for rent, powder and other material, in favor of the appellant, which was set off, and the balance of $72.92 was paid and receipted for by appellee. At that time it was supposed by the appellant that the accounts between the two were entirely adjusted. No claim was made by appellee other than that represented by his account, and it was not until after he had arranged to operate the shaft at Chenoa, and had quit the service of appellant as pit-boss, that he made claim for the items now sued for. He claims $148.50 as foreman during the time the shaft was being sunk to the third vein and he was taking coal from the second vein for himself. Appellant denies such employment, and testified that such service as was rendered, was rendered voluntarily and without his knowledge.

We are satisfied from the testimony of the two parties, and the testimony corroborating appellants, that there was no employment and that the idea of charging for such service as was rendered was an afterthought.

Some coal was furnished, but we do not think enough to reach the claim of $144 made by appellee. We are much

inclined to the opinion that it was of an inferior quality, mostly slack, for which there was no intention of charging; otherwise it would have been brought forward as a charge in the settlement made by the parties long before any claim for it was made.

The claim for the use of the shaft is on a par with the claim for services as foreman.

It appears somewhat strange that if the items in the claim for services as foreman and use of shaft were just and that appellee intended to charge for them at the time, that he should have made no charge of them in his books and made no mention of them at the time of the settlement in August. Evidently appellee was entitled to recover for nothing intervening the 9th of June and the 13th of August, 1894, except for coal furnished appellant's engine, if for that. Reversed and remanded.