JOHN KAMMERMAN, Respondent, v. R. T. WIGGINGTON, Appellant.

St. Louis Court of Appeals, April 20, 1897.

1.  **Contract:** VOLUNTARY SERVICE WITHOUT AGREEMENT FOR COMPENSATION.   Where a party voluntarily does an act or renders a service, and there is no intention at the time that he shall charge therefor, or that the other party should pay, he can not recover for such service. *Allen's Adm'r v. College*, 41 Mo. *loc. cit.* 309.

2. **Partnership Settlement:** DAMAGES. Nor can a recovery be had, in an action by one partner against another for damages on account of a depreciation in value of the partnership property, alleged to be caused by the wrongful act of the other, where the property has been sold and accounted for as such, and the partnership affairs settled.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Martin & Woolfolk* and *J. W. Powell* for appellant.

Plaintiff's first instruction is erroneous and misleading. *Globe L. & H. Co. v. Doud*, 47 Mo. App. 439. See, also, *Painter v. Ritchey*, 43 Mo. App. 111–114; *Allen v. College*, 41 Mo. 302; *Hughes v. Dill*, 24 Mo. App. 641; *Carter v. Phillips*, 49 Mo. 322, 323; *Schmidt v. Smith*, 57 *Id.* 135; *Brown v. Chadwick*, 49 Mo. 589; *Napton v. Seaton*, 71 *Id.* 369, 370.

Defendant at best was a mere gratuitous bailee without hire, and would be liable only for gross negligence. *McLean v. Rutherford*, 8 Mo. 109; *Wiser v. Chisley*, 53 *Id.* 547; *Rush v. R. R.*, 3 Mo. App. 62.

If for more than two years plaintiff did not intend to make a claim for damages on account of the mixing of the wheat, he could not afterward convert it into a charge. *Kerr v. Cusenbary*, 60 Mo. App. 563.

*O. D. Bradley* and *Norton, Avery & Young* for respondent.

The first instruction given for plaintiff is a correct exposition of the law. *Kerr v. Cusenbary*, 60 Mo. App. 562; *Smith v. Myers*, 19 Mo. 434; *Penter v. Roberts*, 51 Mo. App. 227.

The facts being in dispute, it became a question of fact to be determined by the jury whether the items

charged were included in the original contract. *Painter v. Ritchey*, 43 Mo. App. 113.

If there is any evidence to support a given theory, the appellate court has no power to review the finding of facts by the jury. *Ex parte Haley*, 99 Mo. 149.

Every theory of the case was covered by the instructions, and the judgment will not be reversed, even though errors may have intervened. *Cheek v. Waldron*, 39 Mo. App. 26; *Vaughn v. Daniels*, 98 Mo. 230.

BLAND, P. J.—Plaintiff's petition contained two counts. The first was for work and labor, payment of wages to work hands, and for board furnished. The second was for damages on account of the wrongful mixture by defendant of his individual wheat, which was damaged, with the good wheat of plaintiff and defendant, whereby the market value of the good was depreciated.

The answer was a general denial and a plea of settlement and payment. On a trial by jury the plaintiff recovered $200 on the first, and $17.50 on the second, count of his petition. Motion for a new trial was filed and overruled, a judgment entered for the amount found by the jury, from which defendant has duly appealed.

In the spring of 1890, plaintiff and defendant entered into an agreement verbally, by the terms of which plaintiff took possession of the defendant's farm in Lincoln county for an indefinite period to farm the same upon the following terms: Plaintiff and defendant were to furnish each one half of the work animals, farm implements and machinery necessary to operate the farm; one half each of other stock to be kept for profit, plaintiff to do the work on the farm, the products in crops and stock to be sold when ready

for the market, and proceeds to be equally divided. Defendant's testimony was to the effect that under the agreement the plaintiff was to put in all his time on the farm, and when not engaged with his crops, to fix up and improve the farm by his labor. Plaintiff denies that he was to do more than keep up the fences in addition to his regular crop work, and that the defendant should pay him for all other labor done on the farm. The plaintiff continued on the farm until 1894, when he and defendant had a disagreement and settled their partnership matters. Appraisers were called in to appraise the partnership effects. The money account between plaintiff and defendant was adjusted by themselves; the wheat partnership transactions were figured up, when it was ascertained that the defendant owed plaintiff $13.55; this he paid him, and he moved from the farm. In this settlement nothing was said about the account sued on, nor of damage to wheat, and it is clear that neither of these matters were taken into account in the settlement. It appears from the evidence that each year while plaintiff was on the farm an accounting was had between plaintiff and defendant of sales made of products and stock from the farm, and of moneys advanced by the plaintiff to the defendant. In none of these settlements were any of the matters embraced in this suit discussed, nor were they brought forward or claimed in any settlement made between the parties. The plaintiff testified to the correctness of his account, and also to the damage to his and defendant's wheat, made by the mixture by defendant of his bad wheat with the good, and proved clearly that the grade of the wheat was reduced two points by reason of the mixture, and the value depreciated. The defendant's testimony was that the labor done by plaintiff was done under the original contract; that he paid the workmen he hired, and never authorized the plaintiff

to make any such payments, and if made by him, it was without defendant's knowledge or consent.

The first clause of the first instruction given on the part of the plaintiff, which is nowhere afterwards modified, reads as follows: "The jury is instructed that the law is that where valuable services are rendered by one person and received by another, a contract of hiring and obligation to pay a reasonable compensation for such service is presumed even though no express contract between the parties or request for such services have been proved." This is stating the law too broadly. It is said in *Buellerman v. Meyer*, 132 Mo. *loc. cit.* 482, by Judge BRACE, "that it may be conceded that as between those among whom no family relation exists, the general rule is, where nothing to the contrary is shown, that whenever services are rendered and received, a contract of hiring or an obligation to pay will be implied, and that it is not necessary to show an express request or promise." *Hiemenz v. Goerger*, 51 Mo. App. *loc. cit.* 589; *Hartnett v. Christopher*, 61 Mo. App. *loc. cit.* 66. In *Allen's Adm'x v. Richmond College*, 41 Mo. *loc. cit.* 309, Judge WAGNER, speaking on the subject, says: "No man can make himself the creditor of another by any act of his own unsolicited and purely officious. There must be a previous authorization either express or implied, or an assent or sanction given after the money is paid or the act done." * * * "And where a party voluntarily does an act or renders service, and there is no intention at the time that he shall charge therefor, or understanding that the other should pay, he will not be permitted to recover." This language of Judge WAGNER has been approved in *Hughes & Dill v. Vanstone*, 24 Mo. App. *loc. cit.* 641; *Carter v. Phillips*, 49 Mo. App. *loc. cit.* 323; *Painter v. Ritchey*, 43 Mo. App. *loc. cit.*

CONTRACT: voluntary service without agreement for compensation.

112; and in *Brown v. Chadwick*, 79 Mo. *loc. cit.* 589. This instruction ignores the testimony of Wiggington that the work was done under the original contract, and authorized the jury to find against him regardless of any understanding as to this work which may have been made between him and plaintiff. If Wiggington understood the original contract to be as he testified, then the plaintiff could not make him his debtor for this work, without first making an express or implied agreement that he should be paid for it, or by securing the promise of Wiggington to pay for it after it was done. Otherwise plaintiff would be enabled to make Wiggington his debtor without the latter's consent, and against his will. The other instructions on the first count appear to be unobjectionable.

As to the second count, we are unable to see upon what theory of law the plaintiff can recover. This wheat was partnership wheat; was sold as such, and accounted for as such. The evidence is that the partnership affairs were all settled. If this wheat item was not settled, then the plaintiff's remedy is to proceed in equity to set aside the settlement, and bring in his claim for the damages to the wheat, which he says was not taken into account on the settlement of the partnership affairs.

PARTNERSHIP settlement: damages.

Judgment reversed and cause remanded. All concur.