JOHN D. STROTHER, Administrator, Appellant, v. J. ANDREW DE WITT et al., Respondents.

Kansas City Court of Appeals, February 2, 1903.

1. Contracts: SUBSEQUENT ASSENT: EVIDENCE. Where a beneficial act is done, the subsequent act of the beneficiary will be sufficient evidence from which the jury may find a previous request, and such assent need not be expressed, but may be inferred from the knowledge and acquiescence of the beneficiary.

2. ———: CHARGE: GRATUITY: EVIDENCE: INSTRUCTION. An act originally intended as a gratuity can not subsequently be turned into a charge; and whether beneficial services were rendered as a gratuity is a question for the jury under all the circumstances of the case; and certain instructions are held supported by the evidence.

3. **Practice: PLEADING: EVIDENCE: INSTRUCTION.** An answer was a general denial. The evidence is admitted without objection showing that it should have been confession and avoidance. Plaintiff asks instructions on the theory of confession and avoidance. *Held,* he can not object to similar instructions given the defendant, since he invited the error.

4. **Contracts: GRATUITY: SUBSEQUENT ASSENT: EXPECTATION TO PAY: INSTRUCTION.** Where a party receives and assents to beneficial services he can only overcome the implied undertaking to pay by showing either that there was no intention of the donor to charge, or that there was a mutual understanding that no charge was to be made; and an instruction joining on a non-expectation-to-pay clause by the disjunctive "or" instead of the conjunctive "and," is held faulty.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*J. Allen Prewitt* for appellant.

(1) Plaintiff was entitled to judgment under the uncontradicted evidence. There was absolutely no evidence that Gattel built the house voluntarily or without defendants' request. Allen v. College, 41 Mo. 307; Kammerman v. Wiggington, 70 Mo. App. 480; Buelterman v. Myer, 132 Mo. 482; Whaley v. Peak, 49 Mo. 83; Painter v. Ritchey, 43 Mo. App. 111. (2) Defendant's evidence did tend somewhat to show that Gattel had agreed to build this house pursuant to his original contract. As the original contract made no such provision, and defendant did not plead a change of contract, the evidence was not admissible for that purpose. Lanitz v. King, 93 Mo. 513; Sutter v. Raeder, 149 Mo. 309. (3) Defendant's first instruction was wrong because it required the jury to find that the defendants expected and knew that they were to pay for the house at the time it was built instead of at the time they received it from Gattel. Sprague v. Sea, 152 Mo. 327. (4) Defendants' second instruction was wrong because

not based on any evidence. Cohn v. Kansas City, 108 Mo. 387; Mfg. Co. v. Mitchell, 38 Mo. App. 329; Brown v. Railroad, 31 Mo. App. 674; Moore v. Hawk, 57 Mo. App. 500; Macke v. Davis, 61 Mo. App. 526; Stokes v. Distillery, 64 Mo. App. 423; Wagner v. Elec. Co., 82 Mo. App. 295. (5) Defendant's third instruction, as well as all others, was wrong because it was not based on defendant's pleading. It assumes the truth of facts directly antagonistic to any inference that can be drawn from defendant's answer. (6) The court erred in refusing plaintiff's first instruction in view of the condition of the pleadings in this case. Buelterman v. Meyer, 132 Mo. 482; Kammerman v. Wigginton, 70 Mo. App. 480. Plaintiff's second instruction should have been given. Buelterman v. Meyer, 132 Mo. 482; McMahan v. McAbees, 151 Mo. 533; Frailey v. Thompson, 49 S. W. 13; Sprague v. Sea, 152 Mo. 327; Ryans v. Hospes, 167 Mo. 343. (7) The court erred in changing plaintiff's third instruction. The instruction being in the disjunctive required the jury to find for the defendant even though Gattel intended to charge for the house at the time the defendants received it. There must be a concurrence of intention on the part of both to overcome the implied promise to pay in this case. When defendants received the house they should have received it with a mutual understanding between themselves and Gattel that no charge would be made. Buelterman v. Meyer, ante; Painter v. Ritchey, ante. (8) Defendants can not, as they did in this case, confess and avoid under general denial. Mize v. Glenn, 38 Mo. App. 103; Mfg. Co. v. Mitchell, 38 Mo. App. 329; Guinotte v. Ridge, 46 Mo. App. 260; Muesser v. Adler, 86 Mo. 449; Bank v. Armstrong, 62 Mo. 65.

*Paxton & Rose* for respondents.

(1) Plaintiff had the burden of proof all along, and it did not shift. Defendants did not have to prove

that Gattel built the house voluntarily or without their request. Bunker v. Hibler, 49 Mo. App. 536; Clifton v. Sparks, 25 Mo. App. 383; Feurt v. Ambrose, 34 Mo. App. 360; McCartney v. Insurance Co., 45 Mo. App. 373; Liv. Co. v. McKelvy, 55 Mo. App. 240. (2) Plaintiff had to prove directly or by fair inference, both that the defendants expected to pay for this house and that Gattel intended to charge them for it. A contract can not be implied from the intention of only one of the parties, but there must be a meeting of minds. Kinner v. Tschirpe, 54 Mo. App. 575; Lander v. Hart, 52 Mo. App. 377. (3) Under a general denial any evidence is admissible which tends to show that the cause of action never existed. Defendants' position was that they never did owe for this house, and they did not confess and avoid by saying that they had owed for it but had paid for it or had been released or that the account was barred or any other matter of avoidance. Hoffman v. Parry, 23 Mo. App. 20; Scudder v. Atwood, 55 Mo. App. 512; Madison v. Railroad, 60 Mo. App. 599. (4) A juror can not be allowed to impeach the verdict. State v. McNamara, 100 Mo. 100; Sawyer v. Railroad, 37 Mo. 234; State v. Swinney, 25 Mo. App. 347; State v. Underwood, 57 Mo. 52; State v. Dusenbury, 112 Mo. 277; Wolf v. Harrington, 38 Mo. App. 276; McMurdock v. Kimberlin, 23 Mo. App. 523; State v. Fox, 79 Mo. 109; State v. Dunn, 80 Mo. 681; State v. Rush, 95 Mo. 199.

SMITH, P. J.—Action *indebitatus assumpsit*. The petition alleged that one Daniel Gattel in his lifetime at the special instance and request and for the use and benefit of defendants, built and erected upon their real estate a one and one-half story house with other appurtenant improvements of the value of $1,500, and that *at the time said dwelling house was erected and said improvements were made it was the intention of the said Gattel and the defendants that the later should re-*

*pay said Gattel whatever amount he should lay out and expend in their behalf,* and that the defendants did so receive the same; that said defendants refused to pay said Gattel or the plaintiff, his administrator, the amount so laid out and expended, etc.

The answer was a general denial. There was a trial wherein the defendants had judgment and plaintiff appealed. The errors assigned for the reversal of the judgment relate mainly to the action of the trial court in giving and refusing instructions. The plaintiff insists that the first, second and third instructions requested by him should have been given.

The correctness in expression of the plaintiff's first and second may be well questioned in view of the rulings of the Supreme Court in the case of Allen's Adm'x v. Richmond College, 41 Mo. 302, but if correct it was not harmful error to refuse them, since his third, which the court, *sua sponte,* modified, and then gave, and which in its modified form was similar in expression to his first and second. It instructed the jury that "if you find from the evidence that plaintiff's decedent, Daniel Gattel, built or erected or caused to be built or erected at his own expense a dwelling house or other improvements on land claimed by defendants, and that defendants consented to and accepted the same and thereafter took possession of such dwelling house and other improvements, then you will find for plaintiff in such sum as you believe from the evidence said Gattel may have so paid out or expended unless you further find by a preponderance of the testimony that said Gattel expended such money without any intention of charging therefor *or* that the defendants did not expect to be charged therefor."

This instruction when taken in connection with the first and third given for the defendants, but for the error hereinafter noticed, correctly submitted the issue to the jury. The said third told the jury (1) "that before you can find for the plaintiff you must find from

the evidence that at the time Daniel Gattel built the house in controversy he intended to charge for it, and intended that these defendants should pay him for it, and that the defendants at that time expected and knew that they were to be charged for it;'' and (2) ''that the law does not imply a contract between the defendants and Daniel Gattel that they were to pay him for building. the house in question merely from the fact that the house was built on defendant's land; and before you can find for plaintiff you must find from the evidence that Gattel at the time he built said house intended to charge defendants for it, and that defendants expected to be charged for it, and that defendants agreed to pay for said house by an express promise or by conduct from which Gattel might reasonably have inferred a promise to pay for said house.''

The law is very well settled in this State that where an act done is beneficial, the subsequent assent of the beneficiary will be sufficient evidence from which the jury will be authorized in finding a previous request. Nor is it in all cases for plaintiff to prove an express assent of the defendant to enable the jury to find a previous request; they may infer it from his knowledge of the plaintiff's acts or his silent acquiescence. Kerr v. Cusenbary, 60 Mo. App. l. c. 563, and cases there cited.

The rule is that when a party voluntarily does an act or renders service and there was no intention at the time that he should charge therefor, or understanding that the other should pay, he will not be permitted to recover, for that which was originally intended as a gratuity can not be subsequently turned into a charge. Kerr v. Cusenbary, ante; Penter v. Roberts, 51 Mo. App. 227; Hughes & Dill v. Vanstone, 24 Mo. App. 641; Kammerman v. Wiggington, 70 Mo. App. 476; Louder v. Hart, 52 Mo. App. l. c. 381; Buelterman v. Meyer, 132 Mo. l. c. 481-2; Allen v. College, 41 Mo. 302; Hart v. Hart's Admr., 41 Mo. 441; Morris v. Barnes, 35 Mo.

412; Napton v. Leaton, 71 Mo. l. c. 369-70; Bank v. Aull, 80 Mo. 199; Guenther v. Birkicht's Admr., 22 Mo. l. c. 439. And whether a beneficial act done or services rendered in any case was intended as a gratuity is always a question for the jury to determine under the circumstances disclosed by the evidence.

In the present case the evidence was ample to justify the giving of the defendants' instructions, which we think, in the light of the precedents just cited, were proper. Nor do we sustain the contention that defendants' first instruction was erroneous because it required the jury to find that they—defendants—expected and knew that they were to pay for the house at the time it was built instead of at the time it was received, for this requirement, as has been seen, conformed to the express allegations of the petition and was therefore clearly within the limits of the issues made by the pleadings.

The plaintiff further contends that the answer being a general denial and not a plea in the nature of a confession and avoidance, or, in other words, since the answer did not confess that the house was built at the defendants' request and then plead an avoidance of a liability therefor, that it was built out of kindness or good will, and was therefore a gratuity, that the defendants' instructions were improper under the pleadings.

And just here it may not be out of place to say that the admission made by defendants' counsel during the progress of the trial, that most of the money that went into the house was paid by Gattel, did not change the issues made by the pleadings but only rendered it unnecessary for plaintiff, in making out his prima facie case, to offer proof of this admitted fact.

As the facts disclosed by the evidence turned out to be at the trial, we have no doubt that the answer should have pleaded a confession and avoidance, but since the evidence which would have been only prop-

erly admissible under such a pleaded defense went in without objection, and since the plaintiff's first and second instructions requested the submission of the issue upon the theory that the defense pleaded was that of a confession and avoidance, plaintiff can not now be heard to complain that it was error for the court to give defendants' instructions embodying a like theory. If it was error to give the latter it was invited by the plaintiff. And under such circumstances, plaintiff must be held to have waived the formal plea of a confession and avoidance. Ziekel v. Douglass, 88 Mo. 382; Madison v. Railroad, 60 Mo. App. 1. c. 608-9; Stewart v. Goodrich, 9 Mo. App. 125.

But plaintiff objects that the concluding words of the instruction given by the court on its own motion which are "or that the defendants did not expect to be charged therefor," in effect told the jury that even though Gattel intended to charge for the house at the time he built it, if the defendants did not expect to be charged, there was no liability. This instruction, as has been seen, in substance told the jury that if Gattel caused the house to be built at his own expense and the defendants consented thereto and took possession thereof, it should find for plaintiff; unless the defendants did not expect to be charged therefor. While it did declare that there could be no recovery if Gattel expended the money without an intention to charge therefor, it does in effect declare that even if the plaintiff did make the expenditure under such circumstances as the law would imply a promise or undertaking on the part of the defendants to pay therefor, that yet there could be no recovery if they did not expect to pay therefor.

Where such a promise or undertaking is implied it can be overcome in only one of two ways: that is to say, by proving either that it was not the intention of the donor at the time to charge, or that there was a mutual understanding, express or implied, that no

charge was to be made. This we take to be the result of the authorities to which we have already referred. If the disjunctive words of the instruction had been omitted it would have been well enough, but with them we think it was faulty and should not have been given.

There are other errors assigned in relation to the conduct of counsel during the argument of the case before the jury, and to that of the jury after they had retired to consider of their verdict, which in view of the conclusion just expressed need not be noticed.

For the error of the court in modifying plaintiff's instruction and those given as its own, the judgment must be reversed and cause remanded. All concur.