[Civ. No. 1461.   First Appellate District.—April 1, 1915.]

## B. SPADONI, Appellant, v. E. G. GIACOMAZZI, Respondent.

PERSONAL SERVICES—ABSENCE OF CONTRACT—WHEN COMPENSATION NOT
RECOVERABLE.—Where a party, acting under a power of attorney,
looked after and managed property of his father-in-law during a
certain period and there was no agreement that he should be com-
pensated for his services, and it is admitted that when he undertook
the work he did not intend to charge therefor and that it did not
occur to him to do so until action was brought against him for an
accounting of his receipts and disbursements as manager of the
property, he cannot recover for such services.

ID.—COMPENSATION FOR SERVICES—RULE.—The presumption that ser-
vices are to be compensated ceases to exist when it is shown that
they were merely such offices as one friend would perform for an-
other in time of sickness or distress; and in order to recover for
such services it must be shown that it was the expectation of the
parties that there should be compensation while the relation con-
tinued, and no circumstances occurring afterwards can convert into
an implied contract that which was not so before.

APPEAL from a judgment of the Superior Court of Mon-
terey County and from an order denying a new trial. B. V.
Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

W. S. White, for Respondent.

THE COURT.—This is an appeal by plaintiff from a judg-
ment in favor of the defendant and from an order denying
his motion for a new trial.

In the month of September, 1909, the plaintiff was the
owner of real and personal property in the county of Mon-
terey; and while he was absent serving a term of imprison-
ment at San Quentin, the defendant, acting under a power
of attorney, looked after and managed his property until his
discharge in the month of March, 1912. Subsequently the
defendant rendered to the plaintiff a statement of his re-
ceipts and disbursements as manager of said property, but
plaintiff, being dissatisfied with such statement, commenced

this action for an accounting. The defendant, in addition to his answer putting in issue all of the allegations of the complaint, filed a cross-complaint, in which he claimed seven hundred and fifty dollars for his services in looking after the plaintiff's property and family during the latter's enforced absence.

Judgment went for defendant on his cross-complaint in the sum of $687.81, a balance arrived at after crediting him with the aforesaid item of seven hundred and fifty dollars.

As to this item we agree with the plaintiff that the evidence does not sustain the finding by the trial court that the defendant is entitled to this sum for services. Defendant admits that there was no agreement that he should be compensated for his services; and he also admits, at least by implication, that when he undertook the work he did not intend to charge therefor. In this connection it is proper to say that if later he found the duties of the undertaking more onerous than he had expected, and therefore changed his mind and decided to charge for the same, it was his duty to have established a contract with the plaintiff, express or implied, to that effect (15 Am. & Eng. Ency. of Law, p. 1079). This was not done. The defendant also not only admitted that he might have told the plaintiff's son that he was making no charge for the services in question, but also testified in effect that it had not occurred to him to do so until the plaintiff commenced this action. The defendant was engaged in the saloon business a short distance from the plaintiff's ranch, and was attending to the bar at night. The services rendered on the ranch were of a minor character; and it is quite plain, we think, from the record—the plaintiff being the defendant's father-in-law—that the motive which prompted the services was a desire to help the plaintiff's wife and son, a mere youth, in the management of the small stock farm, springing from friendship, and that there was not even a remote expectation of pecuniary profit.

"That a promise to pay for services rendered and accepted is implied, is liable to be rebutted . . . by proof that the services were intended to be gratuitous, or even by particular circumstances from which the law would raise the counterpresumption that the services were not intended to be a charge against the party who was benefited thereby. . . . When the services are rendered between members of the same

household, or between those most closely related by blood, we find other motives than a desire for gain, which may permit the exchange of mutual benefits between them. . . . Our own decisions appear to support the doctrine that to authorize compensation in such cases, the circumstances must be such as to warrant the inference that it was the expectation of both parties that compensation should be made . . . and it is the expectation of the parties existing while the relation continued that is to control, and no circumstances occurring afterwards can convert into an implied contract that which was not so before.'' (*Crane* v. *Derrick,* 157 Cal. 667, 671, [109 Pac 31].)

''The presumption that services are to be compensated ceases to exist when it is shown that they were merely such offices as one friend would perform for another in time of sickness or distress.'' (*Dallman* v. *Frank,* 1 Cal. App. 541, [82 Pac. 564].)

''Where there was no intent to claim compensation for services rendered, at the time they were rendered, no recovery can be had therefor.'' (*Evans* v. *Henry,* 66 Ill. App. 144.)

''A party performing services for another without intending to charge therefor, and under such circumstances as to lead the latter to believe that no charge will be made cannot recover therefor.'' (*Jones* v. *Clark,* 28 Iowa, 593.)

''One is not bound to pay for voluntary services rendered under circumstances which do not fairly indicate an expectation of reward.'' (*Covel* v. *Turner,* 74 Mich. 408, [41 N. W. 1091] ; *Strother* v. *Dewitt,* 98 Mo. App. 293, [71 S. W. 1129] ; *D. Sullivan & Co.* v. *Owens,* (Tex. Civ.) 90 S. W. 690.)

''When the relation of the parties is such as to negative the idea that services were rendered in expectation of payment, compensation cannot be recovered.'' (*In re Cooper,* 6 Misc. Rep. 501, [27 N. Y. Supp. 425].)

As to the other items in the record, it might well be deemed that the defendant having no brief in this court, is unable to answer the contentions of the plaintiff with reference to them. But be that as it may, the record is in such condition that we are unable to intelligently discuss those items; and since from what we have just said it appears that the judgment and order must be reversed, it will be unnecessary to do so.

Judgment and order reversed.